Matthew KNUCKLES, Appellant,

v.

William BOLGER, Postmaster General, United States Postal Service; United States Postal Service, Ruth Prokop, Chairperson, Merit Systems Protection Board, and Merit Systems Protection Board, Appellees.

Matthew KNUCKLES, Petitioner,

v.

William BOLGER, Postmaster General, United States Postal Service; United States Postal Service, Ruth Prokop, Chairperson, Merit Systems Protection Board, and Merit Systems Protection Board, Respondents.

Nos. 80–1477, 80–2078.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1981.

Decided July 28, 1981.

Edward L. Welch (argued), Edwardsville, Ill., Ira M. Young, St. Louis, Mo., for plaintiff-appellant.

Robert D. Kingsland, U. S. Atty., Joseph B. Moore, Asst. U. S. Atty., E. D. Mo., St. Louis, Mo., Stephen E. Alpern, Associate Gen. Counsel, Washington, D. C., D. Richard Froelke, Regional Labor Counsel, Chicago, Ill., Dorothy L. Lupton (argued), Asst. Regional Labor Counsel, Chicago, Ill., for respondents-appellees.

Before HEANEY and HENLEY, Circuit Judges, and NICHOL,* Senior District Judge.

* The Honorable Fred J. Nichol, United States Senior District Judge for the District of South Dakota, sitting by designation.

1. Knuckles is a "preference eligible" veteran entitled to a variety of procedural protections

HEANEY, Circuit Judge.

Matthew Knuckles was employed as a clerk with the United States Postal Service from February of 1966 to September of 1979, when he was discharged on the basis that there were reasonable grounds to believe that he had committed a criminal act. On August 24, 1979, Knuckles was notified that he was being terminated because, on six separate occasions, a postal inspector had given him cash in exchange for postage due mail and Knuckles had failed to affix postage as required. As a result, approximately $85.00 was unaccounted for. The notice stated that he would be terminated no earlier than seven days from receipt of the notice; he was discharged on September 8. On September 11, 1979, Knuckles was indicted by a federal grand jury and charged with six counts of converting postal funds to his own use in violation of 18 U.S.C. § 641. On October 18–19, 1979, he was tried before a jury and acquitted of all charges.

Following his acquittal, Knuckles filed a "Motion for Judgment" with the Merit Systems Protection Board (MSPB), which was then considering his administrative appeal from the discharge.[1] Knuckles argued that since he had been adjudged not guilty in the criminal proceeding, his discharge based on criminal activity was unwarranted. On November 7, 1979, a presiding official of the MSPB conducted a hearing at which the testimony and evidence presented at the criminal trial were essentially repeated. On December 12, 1979, the presiding official determined that five of the six specifications of misconduct were substantiated by a preponderance of the evidence and he concluded that there was no reason to disturb Knuckles' discharge.

Knuckles appealed that ruling to the MSPB which, on January 18, 1980, issued an order stating that the specifications sus-

enumerated in the Veterans' Preference Act, including the right to specific notice of the reasons for discharge and the right to appeal adverse actions. See 5 U.S.C. §§ 7501–7514, 7701–7703.

tained by the presiding official did not support the criminal charge of conversion because the postal service had not proved by a preponderance of the evidence that there had been "an unlawful taking with intent to wrongfully deprive the postal service of the funds in question." The Board went on to find, however, that the specifications cited "serious violations of agency accounting procedure" which were supported by the evidence and which warranted dismissal. It concluded that the postal service had mislabeled the charge against Knuckles and it remanded the case to the presiding official to determine whether this "procedural error" substantially prejudiced Knuckles' rights.

On remand, the presiding official determined that Knuckles was given adequate notice of the true nature of the charges pending against him and found that the "mislabeling" did not constitute harmful error. The official concluded that Knuckles' dismissal was warranted and affirmed the agency's removal decision. On October 21, 1980, the MSPB denied Knuckles' petition for review of the presiding official's decision.

■ In No. 80–2078, Knuckles petitions this Court for review of the final order of the MSPB.[2] He contends that he was denied due process of law because (1) the MSPB acted outside its statutory authority when it remanded the case to the presiding official for determination of whether the "mislabeling" error was harmful; (2) the MSPB did not give him thirty-days notice prior to discharge as required by statute; (3) the MSPB did not give him specific notice of the charge against him; and (4) the MSPB discharged him for reasons other than those stated in the original notice and, thus, he was given no opportunity to defend himself against the newly stated charges. In addition, Knuckles asserts that his dismissal was so harsh a remedy when compared to the treatment of other employees

who had violated accounting procedures that it constituted arbitrary and capricious action.

■ We have no difficulty disposing of the first two issues raised by Knuckles. First, the MSPB clearly had the authority to remand the case to the presiding official after it determined that the charge of conversion had not been proven by a preponderance of the evidence. Both the statute and the regulations give the Board the power to reopen and reconsider a decision of a presiding official at any time. *See* 5 U.S.C. § 7701(e)(1)(B); 5 C.F.R. § 1201.117 (1980). Second, 5 U.S.C. § 7513(b)(1) provides that a preference eligible employee must be given thirty-days notice prior to discharge, unless there are reasonable grounds to believe that he has committed a crime for which imprisonment may be imposed, in which case he may be removed with seven-days notice. The statute does not require an agency to prove the criminal charge prior to invoking the seven-day notice provision; it only requires that there be reasonable grounds to believe that the employee has committed the crime. The postal service surely had such grounds here, Knuckles' subsequent acquittal notwithstanding.

Knuckles' final contentions are considerably more troublesome. The notice of proposed removal sent to Knuckles specifically stated that he was being discharged because there were reasonable grounds to believe he had converted postal funds to his own use. Knuckles defended this charge by saying, in essence, that he did not intend to convert postal service money to his own use. The jury in the criminal trial apparently believed him. More importantly, in its original opinion, the MSPB stated that the postal service had failed to prove by a preponderance of the evidence "that there was an unlawful taking with intent to wrongfully deprive the postal service of the funds in question."

---

2. In No. 80–1477, Knuckles appeals from an order of the United States District Court for the Eastern District of Missouri, 490 F.Supp. 1291, declining to enjoin the administrative proceedings against Knuckles. Because the administrative action has now been completed, we find the issues raised by that appeal to be moot.

It is apparent that the primary focus of both the criminal trial and the administrative proceeding was whether Knuckles intended to convert postal funds. There was no real consideration given to postal service accounting procedures. Nevertheless, because the record contained some evidence of a violation of accounting procedures, we are satisfied that the MSPB was within its discretion in remanding the opinion to the presiding official to determine whether Knuckles was prejudiced by the "mislabeling" of the charge.

Our disagreement with the agency action begins at this point. Rather than give Knuckles an opportunity to respond to the charge of a violation of accounting procedures, the presiding official merely assumed the violation as required by the Board's opinion and order, and asked whether Knuckles had been given sufficient notice of the charges against him. Had Knuckles been permitted to respond directly to the violation of accounting principles charge, uncomplicated by any uncertainty about notice of the charge, he may have been able to raise and prove a number of defenses, including that the accounting procedures were invalid, that he had legitimate reasons for not strictly following the procedures, or that his discharge was arbitrary and capricious because he was treated more severely than other employees who had violated the same or similar postal service rules. Failure to permit Knuckles to respond directly to a clear charge of improper accounting denied him due process of law and the right to full notice and opportunity to reply guaranteed by the Veterans' Preference Act. *See Urbina v. United States*, 180 Ct.Cl. 194 (1967); *Manning v. Stevens*, 208 F.2d 827 (D.C.Cir.1953). *Cf. Vitarelli v. Seaton*, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959).

We remand this case to the MSPB with directions to give Knuckles an opportunity to respond directly to the charge that he violated postal service accounting procedures and to give the Board an opportunity to determine whether Knuckles had in fact violated such procedures, and to determine the appropriate penalty for such violations consistent with the treatment of other employees found to have committed similar violations.