_____

No. 95-1826

No. 95-2088
_____

BOLES TRUCKING, INC.,              *
                                             *
    Appellee/Cross-Appellant,  *
                                             *  Appeal from the United
    vs.                         *  States District Court for
                                           *  the District of Nebraska
UNITED STATES OF AMERICA,     *
                                           *
    Appellant/Cross-Appellee,  *

_____

Submitted:  January 11, 1996

Filed:  February 22, 1996
_____

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and JONES,[*]
    Senior District Judge.

_____

JONES, Senior District Judge

      This appeal involves the attempt by the United States to
collect employment taxes from plaintiff Boles Trucking, Inc.

    The appeal by the United States presents two issues:  first,
what is the taxpayer's burden of proof when it asserts it had a
"reasonable basis" for improperly classifying employees as
independent contractors under Section 530 of the Revenue Act of
1978, 26 U.S.C. § 3401 note (Section 530) and secondly, whether the
evidence was sufficient to support the jury's finding of a

_____

     [*]The HONORABLE JOHN B. JONES, Senior District Judge, United
States District Court for the District of South Dakota, sitting by
designation.

"reasonable basis". We find that the district court improperly instructed the jury on taxpayer's burden of proof, and reverse and remand on the appeal by the United States. In doing so, we do not reach the sufficiency of the evidence claim made by the United States.

Taxpayer's cross-appeal presents the issue of whether the district court properly assessed penalties against it because of its failure to pay employment taxes on behalf of David B. Boles (Boles), taxpayer's owner and president. We affirm on the issue raised in the cross-appeal.

## I.

Taxpayer is a Nebraska corporation engaged in the business of leasing truck tractors, or "power units," to interstate trucking carriers. At all times relevant to this case, Boles was the sole stockholder, director, and president of taxpayer. In the relevant period from January 1984 through December 1987, taxpayer leased its tractors to Bee Line Motor Express, Inc. or to its successor, Cornhusker Motor Lines, Inc. Under the terms of the lease agreements taxpayer was to supply drivers with each leased tractor.

Although the lease agreements provided that the drivers were to be "employees" of taxpayer, during the years in question taxpayer treated its drivers as independent contractors. For tax purposes this means the taxpayer did not withhold any federal income (withholding tax or "WT") or Federal Insurance Contributions Act (FICA) taxes from the amount it paid to its drivers, nor did it make any payments of Federal Unemployment Tax Act (FUTA) taxes to the Internal Revenue Service. Rather than W-2's, taxpayer issued Forms 1099 to its drivers each year.

Boles was compensated by way of interest-free "loans against future profits" instead being paid a salary or wages. Under this

arrangement the taxpayer was not withholding income taxes or FICA or FUTA taxes relative to Boles. There was also evidence that taxpayer paid many of Boles' personal living expenses and purchased a Lincoln Continental automobile for Boles' exclusive use.

Taxpayer underwent an employment tax examination in 1987 which resulted in the Commissioner of the I.R.S. reclassifying the truck drivers who worked for taxpayer as employees rather than independent contractors. The I.R.S. subsequently made assessments against the taxpayer for unpaid WT, FICA, and FUTA taxes, along with interest and penalties for years 1984 through 1987. The assessments also reflected the I.R.S.'s determination that Boles himself was an employee of taxpayer and that loans and other payments he received were actually wages.

In October 1991, taxpayer paid a small portion of the taxes, interest and penalties allegedly owed and thereafter filed administrative claims for a refund of the same. After the administrative claims were denied, taxpayer filed the present action against the United States seeking a refund of the taxes, interest, and penalties paid, along with a determination that it was not liable for the remaining taxes, interest, and penalties assessed against it. The United States filed a counterclaim for the outstanding balance of the unpaid taxes, interest, and penalties. The issues tried to the jury were: (1) whether taxpayer's drivers were employees or independent contractors; and (2) if taxpayer's treatment of its drivers as independent contractors was erroneous, whether it had a reasonable basis for such treatment pursuant to Section 530.[2]

---

[2]The parties agreed prior to trial that the district court would make the determination of whether the loans and other benefits received by David Boles from taxpayer were, in fact, taxable income. The parties further agreed that once the jury made its determinations regarding the classification and section 530 issues, the district court would determine the amount of money, if any, owed by the respective parties.

The jury found that taxpayer's drivers were employees. The jury went on to find that taxpayer had a reasonable basis for not treating the drivers as employees. When asked to state the basis for its finding on the latter issue, the jury made check marks by two of the four options; the long-standing practice of a significant segment of the industry and the advice of a CPA or tax return preparer.

**II.**

Under the Internal Revenue Code, an employer is required to pay one-half of the total FICA taxes assessed against its employees, and withhold from paychecks those FICA taxes owed by the employees themselves. 26 U.S.C. §§ 3101, 3102(a), 3402(a). Also, the employer is obligated to pay FUTA taxes for its employees. 26 U.S.C. § 3101. However, these obligations are incumbent upon an employer only if its workers are determined to be "employees" under the Tax Code.

Section 530 was created by Congress in 1978 to alleviate what was perceived as overly zealous pursuit and assessment of taxes and penalties against employers who had, in good faith, misclassified their employees as independent contractors. In Re Rasbury, 130 B.R. 990 (Bankr. N.D. Ala. 1991). The statute is a relief provision and provides an alternative method by which to avoid employment tax liability where a taxpayer cannot establish his workers are or were independent contractors. Section 530(a)(1) provides in pertinent part that although a taxpayer mistakenly classified its workers as other than employees, "the individual [worker] shall be deemed not to be an employee unless the taxpayer had no reasonable basis for not treating such individual as an employee."

The statute goes on to explain methods by which a taxpayer may show it had a "reasonable basis" for the improper classification of its workers. Section 530(a)(2) provides that reasonable reliance

-4-

on any of three "safe harbors" or "safe havens" shall be treated as a reasonable basis for not treating an individual as an employee. The provision states:

> For the purposes of paragraph (1), a taxpayer shall in any case be treated as having a reasonable basis for not treating an individual as an employee for a period if the taxpayer's treatment of such individual for such period was in reasonable reliance on any of the following:
> (A) judicial precedent, published rulings, technical advice with respect to the taxpayer, or a letter ruling to the taxpayer;
> (B) a past Internal Revenue Service audit of the taxpayer in which there was no assessment attributable to the treatment (for employment tax purposes) of the individuals holding positions substantially similar to the position held by this individual; or
> (C) long standing recognized practice of a significant segment of the industry in which such individual was engaged.

In addition to the three specific safe haven rules, a taxpayer may take advantage of Section 530 by demonstrating that it had some other reasonable basis for treating its workers as independent contractors. H.R. Rep. Not. 95-1748, 95th Cong., 2d Sess. 5 (1978), reprinted in 1978-3 C.B. (vol. 1) 629, 633 (hereinafter House Report). As stated in Rev.Proc. 85-18, 1 C.C. 518, Sec. 3.01(c), "A taxpayer who fails to meet any of the three 'safe havens' may nevertheless be entitled to relief if the taxpayer can demonstrate, in some other manner, a reasonable basis for not treating the individual as an employee."

## III.

Despite the relative breadth and complexity of the employment tax statutes discussed above, we are faced in the government's appeal with the narrow question of what is the taxpayer's burden in proving it had a reasonable basis for not treating its workers as employees under Section 530.

The district court instructed the jury that should it reach

the reasonable basis issue, the taxpayer was not required to prove this issue by a preponderance of the evidence. The instruction concluded, " To prove reasonable basis, [taxpayer] need only show that the existence of a reasonable basis is just as likely true than not true. In other words, even if the evidence weighs out evenly, you must find that [taxpayer] had a reasonable basis for not treating the drivers as its employees."

The government contends these instructions erroneously shifted the burden of proof on the issue to the government. While we are not convinced the court's instruction actually shifted the burden to the government, we nevertheless conclude the instruction erroneously stated the taxpayer's burden.

We start with the well-established principle that the Commissioner's determination of tax liability is entitled to a presumption of correctness and that the burden is on the taxpayer to prove that the determination is erroneous. Helvering v. Taylor, 293 U.S. 507, 55 S. Ct. 287, 79 L. Ed. 212 (1935); Day v. Commissioner, 975 F.2d 534, 537 (8th Cir. 1992). It is further well established that the quantum of proof required is that of a preponderance of the evidence. Mattingly v. U.S., 924 F.2d 785, 787 (8th Cir. 1991). These general principles apply as well to the Commissioner's classification of a taxpayer's workers as employees, i.e., once such a determination is made, it is the taxpayer's burden to prove, by a preponderance of the evidence, that its workers are or were independent contractors. Beatty v. Halpin, 267 F.2d 561, 563 (8th Cir. 1959); Kiesel v. U.S., 545 F.2d 1144, 1146 (8th Cir. 1976). The district court's instructions in this regard were correct and the jury found the taxpayer had not satisfied its burden.

The taxpayer sought relief via Section 530 urging that when Section 530 is involved, a lesser standard of proof is permitted for the taxpayer to prevail. It should first be noted that nothing

-6-

in the text of Section 530 itself suggests that the taxpayer's traditional burden is to be altered when applying this statute. As previously indicted, Section 530 permits a taxpayer/employer who had wrongly failed to treat its workers as employees for tax purposes to avoid employment tax liability. This is done by the taxpayer showing it had a "reasonable basis" for doing so. Under the clear text of the statute, "reasonable basis" is what must be proved by the taxpayer - it is not an expression regarding the level of proof or quantum of evidence. Congress's silence as to an altered burden must be taken as meaning the traditional burdens apply, i.e., a taxpayer's reasonable basis must be proved by a preponderance of evidence. See, Grogan v. Garner, 498 U.S. 279, 286, 111 S. Ct. 654, 659, (1991) (interpreting section 523 of the Bankruptcy Code to require a defrauded creditor to prove his claim by a preponderance of the evidence based on lack of Congressional directives to the contrary).

Nor does the legislative history of Section 530 lend support to the notion that the traditional burden of proof is to be altered. There can be no doubt that Section 530 is provision favorable to taxpayers and may serve to relive significant tax burdens. Section 530 was intended "[g]enerally, [to] grant[] relief if a taxpayer had any reasonable basis for treating its workers as other than employees. The committee intends that this reasonable basis requirement be construed liberally in favor of the taxpayers." House Report at 631-32. Taxpayer argues that the statutory language and legislative history "demonstrates that Congress fully intended that section 530 be interpreted and enforced quite differently than the norm in other tax cases where the Government is presumptively correct." We do not agree.

Liberal construction of Section 530 is not inconsistent with maintaining the taxpayer's traditional burden. Liberal construction may be effected in a variety of ways that have nothing to do with the taxpayer's burden of proof, including: 1)

consideration of a wide range of conduct serving to establish reasonable basis; 2) broadly interpreting the scope of the safe havens specifically enumerated in the statute; and 3) leniently construing the term "reasonable."

The taxpayer relies in part on Critical Care Register Nursing, Inc. v. U.S., 776 F.Supp. 1025 (E.D.Pa. 1991). In Critical Care, the United States moved for judgment notwithstanding the verdict after a jury found that the taxpayer in that case had a reasonable basis for treating its workers as independent contractors instead of employees. Id. at 1028. While the court engaged in an extended discussion of the statute and its relatively taxpayer-friendly legislative history, there is no indication the court interpreted Section 530 to alter the burden of proof or shift the burden to the government. To the contrary, it is apparent the evidence was analyzed with the traditional preponderance standard being placed on the taxpayer. For example, the court submitted the issue to the jury via a special interrogatory which stated, "Has the plaintiff, Critical Care, proved by a preponderance of the evidence that in 1982 and 1983 it had a reasonable basis for not treating the nurses in question as employees...?" Critical Care, 776 F.Supp. at 1029 (emphasis added). Further, the court's holding based on the record was that "there was more than sufficient evidence presented at trial from which the jury could conclude that Critical Care satisfied, by a preponderance of the evidence, the dictates of Section 530(a)(1) as to a reasonable basis for not treating its nurses as employees." Id. (emphasis added). The district court's opinion in Critical Care does not support the jury instruction given in the present case.

REAG, Inc. v. U.S., 801 F.Supp. 494 (W.D. Okl. 1992), is also cited by taxpayer as supporting its argument on this issue. In that case the court noted that "REAG has carried its burden of proof by a preponderance of the evidence on each of the three independent grounds for demonstrating a reasonable basis for its

-8-

treatment of the Workers as independent contractors.  However, REAG is only required to carry its burden of proof by a lesser standard."  Id. at 500 (citing Critical Care, supra).  By the REAG court's reading, Section 530 and its legislative history required the court to "... lower[] the hurdle of the taxpayer's burden of proof."  Id.  The court articulated this "lesser standard" by stating that "a taxpayer need only show a substantial rational basis for its decision to treat the Workers as independent contractors in order to prevail."  Id.  Language in the currently-challenged instruction was likely derived from commentary found in a footnote of the REAG case, which states in part:

> The Court is aware of the seemingly amorphous nature of a standard of review that is quantitatively less that a preponderance of the evidence.  However, logically, the burden on the taxpayer must be some quantum more than the IRS' prima facia showing of correctness, but less than a preponderance.  Certainly if the evidence weighted out evenly, then under such a standard the taxpayer would still prevail.

REAG, 801 F.Supp. at 500 note.


We believe the REAG court misinterpreted Section 530 and its legislative history and decided this issue wrongly.  As previously indicated, there is nothing in the statute or its legislative history which supports the idea that the burden of proof under Section 530 is different than other tax cases.  "Rational basis" for not treating workers as employees is what must be shown by the taxpayer; "[Substantial] rational basis" is not the level of proof required.  Under the present facts it was taxpayer's burden to prove that its workers were properly classified as independent contractors by a preponderance of the evidence.  Failing that, it became the taxpayer's burden to prove by a preponderance of the evidence that it had a rational basis for improperly classifying the workers.  The district court's burden of proof instruction was reversible error.

This court has stated that "It has long been generally recognized that it is reversible error to place the burden of proof on the wrong party or to place an unwarranted burden of proof on one party. Voight v. Chicago & Northwestern Railroad Co., 380 F.2d 1000, 1004 (8th Cir. 1967).

## IV.

The taxpayer's cross-appeal alleges the district court committed reversible error by imposing penalties on the taxpayer for its failure to file tax returns attributable to "loans" or other fringe benefits recharacterized as salary to David Boles. The district court determined that David Boles was an employee of the taxpayer and should have been treated as such for employment tax purposes. Taxpayer does not challenge this determination. The district court went on to impose additions to the taxes due for taxpayer's failure to file returns or pay the taxes at the time they were due. Taxpayer contends the imposition of penalties in addition to the taxes was in error. We disagree.

Where an employer fails to file timely employment or unemployment tax returns or fails to make deposits of taxes, the Code provides for additions to the tax in the way of penalties. 26 U.S.C. § 6651(a)(1), 26 U.S.C. § 6656(a). The addition to taxes under § 6651 has been described as mandatory unless it is shown that the taxpayer's actions were due to reasonable cause and not due to willful neglect. Id.; Rubber Research, Inc. v. Commissioner, 433 F.2d 1402, 1407 (8th Cir. 1970). To escape the penalties, "the taxpayer bears the heavy burden of proving both (1) that the failure did not result from 'willful neglect,' and (2) that the failure was 'due to reasonable cause.'" U.S. v. Boyle, 468 U.S. 241, 245, 105 S. Ct. 687, 689-90, 83 L. Ed. 2d 622 (1985); Rubber Research, 433 F.2d at 1407.[3]

_____

[3]Regarding our standard of review on this issue, the Supreme Court has stated that "Whether the elements that constitute

In this case the evidence showed that Boles was the sole owner of the taxpayer, as well as serving as its president, secretary and treasurer. In short, the evidence presented indicated that Boles alone ran taxpayer in all respects, both day to day and long term. During the time in question Boles did not draw a salary, but instead caused taxpayer to make him interest-free loans by writing checks payable to himself or to "cash" on taxpayer's checking account. Taxpayer also paid some of Boles' personal living expenses and paid for an automobile for Boles' exclusive use. Boles had no other employment other than with taxpayer, and his sole source of income was the money he received from taxpayer. Given its treatment of its drivers as independent contractors, the taxpayer was operating as a corporation without <u>any</u> employees for tax purposes.

In an effort to establish reasonable cause and the lack of willful neglect, the taxpayer argued below that he relied on the advice of his tax preparers in not paying taxes attributable to Boles' wages. The district court heard all of the evidence and rejected this contention.

Reasonable cause requires the taxpayer to demonstrate that he exercised "ordinary business care and prudence" but nevertheless was "unable to file the return within the prescribed time." 26 C.F.R. § 301.-6651(c)(1) (1984); <u>U.S. v. Boyle</u>, 105 S. Ct. at 690. Additionally it was the taxpayer's burden to show that its actions were not due to willful neglect, which has been interpreted as

'reasonable cause' are <u>present</u> in a given situation is a question of fact, but what elements <u>must</u> be present to constitute 'reasonable cause' is a question of law." <u>U.S. v. Boyle</u>, 469 U.S. 241, 249, 105 S.Ct. 687, 692 n.8, 83 L. Ed. 2d 622 (1985) (emphasis in the original). We construe the district court's decision as analyzing whether the taxpayer presented evidence to establish the presence of reasonable cause, and thus review the decision under the clearly erroneous standard. It should be noted however that our conclusion on this issue would be the same even if we reviewed the issue de novo.

-11-

meaning a "conscious, intentional failure or reckless indifference." U.S. v. Boyle, 105 S. Ct. at 690. While a taxpayer may establish reasonable cause (and/or lack of willful neglect) by showing that it reasonably relied on the advice of an accountant or tax preparer, Chared Corp. v. U.S., 69-2 USTC ¶ 9535 (N.D. Tex., 1969), aff'd. 446 F.2d 745 (5th Cir. 1971), ordinary business care and prudence on the part of the taxpayer are still required. Obviously, reliance on the advice of others must be reasonable to make out a showing of reasonable cause. Boles received no income other than that received from the taxpayer. For the years in question, Boles was running a corporation with no employees for federal tax purposes. Under the facts of this case, we agree with the district court that taxpayer failed to meet its burden of showing reasonable cause. The district court's determination is affirmed on this issue.

## V.

In conclusion, we affirm the judgment of the trial court assessing penalties on taxpayer's failure to pay employment taxes on the money and fringe benefits given to David Boles. We reverse the judgment entered on the jury's verdict finding that taxpayer had a reasonable basis for treating its drivers as independent contractors, and we remand for a new trial on this issue.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.