# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1973

_____

West Platte R-II School District,      *
        *
          Appellant,          *
        *    Appeal from the United States
       v.            *    District Court for the
        *    Western District of Missouri.
Judi Wilson, by and on behalf of    *
her son, L.W.,         *
        *
          Appellee.           *

_____

Submitted:  December 12, 2005
Filed:  March 2, 2006

_____

Before LOKEN, Chief Judge,  WOLLMAN, and RILEY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

The West Platte R-II School District (District) appeals from the district court's decisions holding that the District violated the Individuals with Disabilities Education Act (IDEA), granting a preliminary injunction, precluding the District from supplementing the administrative record, and rejecting the District's argument that the members of the administrative panel (Panel) were biased. We affirm in part, reverse in part, and remand.

# I.

The District assessed one of its students, L.W., as learning disabled and determined that he was entitled to special education. It provided him with varying levels of reading and math services for five years. When L.W. was in fifth grade (the 2002–03 school year), his parents, the Wilsons, requested that he be tutored using a multisensory approach, but the District refused to provide a tutor. The Wilsons filed a due process request, contending that L.W. did not receive a Free Appropriate Public Education (FAPE), as required by the IDEA, 20 U.S.C. §§ 1400, *et seq.*, during the 2001–02 and 2002–03 school years.

A Panel convened to determine whether the District had provided L.W. with a FAPE. Claiming partiality, the District moved to recuse Mr. Chackes as the Panel Chair and Ms. Deck as a Panel member. Both motions were denied. The Panel determined that the District had violated the IDEA's procedural and substantive guarantees. In reaching this conclusion, the Panel stated that the "burden of proving compliance with the IDEA is on the school district." Appellant's App. at 46. The District appealed the Panel's decision to the district court.[1] The Wilsons moved for a preliminary injunction, arguing that the District was required to implement the Panel's decision while the case was pending before the district court. The district court granted this motion. The district court also granted the Wilsons' motion for an order precluding the submission of evidence outside the administrative record.

---

[1]While this case was pending before the district court, the Wilsons filed another due process request, contending that L.W.'s March 2004 Individualized Education Plan (IEP) failed to provide L.W. with a FAPE. A second administrative panel convened in November 2004 to determine the issue. It ultimately rendered a decision in favor of the District, concluding that the March 2004 IEP provided L.W. with a FAPE. Because the Wilsons did not appeal this decision, it is not before us.

On January 28, 2005, the district court affirmed the Panel's decision in most respects, concluding that the District violated the IDEA's procedural and substantive requirements and that the Panel did not err in denying the District's motions to recuse Chackes and Deck. In reaching these conclusions, the district court accorded due deference to the Panel's decision. Based on its findings, the district court ordered compensatory and prospective relief.

The District appeals from the district court's judgments, arguing that it had complied with the IDEA's requirements, that the district court erred in granting the preliminary injunction, that the district court erred in precluding the District from supplementing the administrative record, and that the Panel erred in denying the District's motions to recuse.

## II.

We reverse and remand the district court's judgment upholding the Panel's decision that the District violated the IDEA's procedural and substantive requirements, because the Panel and the district court assigned the burden of proof to the wrong party. In Schaffer ex rel. Schaffer v. Weast, the Supreme Court held that the burden of proof in an IDEA case lies with the party initiating the challenge to the Individualized Education Plan (IEP). See 126 S. Ct. 528, 537 (2005). Here, the Wilsons initiated the challenge to the IEP, but the Panel assigned the burden of proof to the District. The district court accorded due deference to the Panel's findings and concluded that a preponderance of the evidence supported the Panel's decision.

Placing the burden of proof on the incorrect party is reversible error. Boles Trucking, Inc. v. United States, 77 F.3d 236, 241 (8th Cir. 1996); Voigt v. Chi. & Northwestern Ry. Co., 380 F.2d 1000, 1004 (8th Cir. 1967). Unless the error relates to an immaterial issue, we must reverse the district court's judgment and remand the case for further proceedings. Voigt, 380 F.2d at 1004. This error was prejudicial to

the District in this case. Many of the factual issues were very close and might well have been determined differently if the Panel had placed the burden of proof on the Wilsons. Accordingly, we reverse the district court's judgment and remand to the district court with instructions to remand this case to the Panel for further proceedings.

## III.

The District argues that the district court erred in issuing the preliminary injunction, in disallowing additional evidence, and in failing to declare the Panel as biased. On the matters that are properly before this court, we disagree.

When a district court rules on the issue of a preliminary injunction and later grants permanent relief, the preliminary injunction ruling becomes moot. See Roberts v. Norris, 415 F.3d 816, 820 (8th Cir. 2005); Knuckles v. Bolger, 654 F.2d 25, 27 n.2 (8th Cir. 1981); Hankins v. Temple Univ., 829 F.2d 437, 438 n.1 (3d Cir. 1987); La. World Exposition, Inc. v. Logue, 746 F.2d 1033, 1038 (5th Cir. 1984). Accordingly, the issue of whether the district court erred in issuing the preliminary injunction is moot.

We review for abuse of discretion the district court's decision to preclude the District from supplementing the administrative record. Indep. Sch. Dist. No. 283 v. S.D. ex rel. J.D., 88 F.3d 556, 561 (8th Cir. 1996). The IDEA permits a reviewing court to admit additional evidence to supplement the record if a party has a solid justification for doing so. Id. at 560. Rendering a decision on the record compiled before the administrative agency, however, is the norm. Id. The additional evidence that the District attempted to provide related to the progress and status of L.W. subsequent to the administrative hearing. The district court concluded that the District failed to provide a solid justification for supplementing the administrative record. Considering the vast and detailed administrative record that was compiled, together with the fact that we normally determine these issues based solely on the

administrative record, we conclude that the district court did not abuse its discretion in denying the District's request to supplement the record.

We review for clear error the district court's determination that Panel members Chackes and Deck were impartial.  See Blackmon ex rel. Blackmon v. Springfield R-XII Sch. Dist., 198 F.3d 648, 655 (8th Cir. 1999).  We find the District's arguments to the contrary unpersuasive, and we affirm the district court's judgment on this matter.

We reverse the district court's judgment that the District violated the IDEA's requirements, and we remand the case to the district court with directions to remand the case to the Panel for further proceedings consistent with this opinion.  We affirm the district court's judgment precluding the District from supplementing the administrative record, as well as the district court's judgment that the Panel did not err in refusing to recuse Panel members Chackes and Deck.

_____