[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Philpotts*, Slip Opinion No. 2022-Ohio-4362.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-4362

THE STATE OF OHIO, APPELLEE, *v*. PHILPOTTS, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Philpotts*, Slip Opinion No. 2022-Ohio-4362.]**

*Court of appeals' judgment vacated and cause remanded to the court of appeals for reconsideration in light of* New York State Rifle & Pistol Assn., Inc. v. Bruen.

(No. 2019-1215—Submitted September 22, 2022—Decided December 9, 2022.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 107374, 2019-Ohio-2911.

_____

{¶ 1} The judgment of the court of appeals is vacated, and the cause is remanded to the court of appeals for reconsideration in light of *New York State Rifle & Pistol Assn.*, *Inc. v. Bruen*, ___ U.S. ___, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022).

O'CONNOR, C.J., and KENNEDY, FISCHER, and DEWINE, JJ., concur.

DONNELLY, J., dissents, with an opinion.

STEWART, J., dissents.

BRUNNER, J., dissents, with an opinion.

_____

**DONNELLY, J., dissenting.**

{¶ 2} In August 2017, appellant, Delvonte Philpotts, was indicted in the Cuyahoga County Common Pleas Court for having a weapon while under disability under R.C. 2923.13(A)(2), based on his possession of a handgun while he was under indictment for various crimes, which were subsequently dismissed without prejudice. Philpotts pleaded no contest to the weapons-under-disability charge and was sentenced to three years of community control.

{¶ 3} Philpotts appealed his weapons-under-disability conviction to the Eighth District Court of Appeals, asserting that R.C. 2923.13(A)(2) violates his constitutional right to bear arms under the Second Amendment to the United States Constitution. The court of appeals affirmed, rejecting Philpotts's Second Amendment challenges. 2019-Ohio-2911, 132 N.E.3d 743, ¶ 25-35, 49-50.

{¶ 4} Philpotts appealed the Eighth District's judgment to this court. We accepted the appeal and held the cause for our decision in *State v. Weber*, 163 Ohio St.3d 125, 2020-Ohio-6832, 168 N.E.3d 468. 157 Ohio St.3d 1484, 2019-Ohio-4600, 134 N.E.3d 203. Subsequently, we lifted the hold. 160 Ohio St.3d 1514, 2020-Ohio-6834, 159 N.E.3d 1174. And on September 8, 2022, we ordered the parties to submit supplemental briefing addressing "the impact, if any," on this case of the United States Supreme Court's decision in *New York State Rifle & Pistol Assn., Inc. v. Bruen*, ___ U.S. ___, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022). ___ Ohio St.3d ___, 2022-Ohio-3155, 194 N.E.3d 371.

{¶ 5} Philpotts made a forceful argument to this court, which has been buttressed by the release of *Bruen*. That case has such significant implications for the issue raised by Philpotts that we ordered the parties to submit briefs addressing its effect. But now we have determined that we are unable to render a judgment,

2

despite having received compelling guidance from the United States Supreme Court (in *Bruen*) and the parties (in their briefs in this court).

{¶ 6} I would decide this case on the merits. Instead, we will wait for the court of appeals or, even more time-consumingly, the trial court (if the court of appeals remands to that court) to render a decision. Ultimately, we will likely accept jurisdiction of an appeal on the constitutional issue. Only then, perhaps years from now, will we determine whether R.C. 2923.13(A)(2) violates the constitutional right to bear arms. In the meantime, Philpotts and similarly situated individuals will continue to be indicted and punished, possibly even imprisoned, for violating R.C. 2923.13(A)(2), which might be unconstitutional. Justice delayed is justice denied. I dissent.

_____

**BRUNNER, J., dissenting.**

{¶ 7} I respectfully dissent. This case should be remanded to the trial court for the reasons I explained in my opinion dissenting from this court's order for supplemental briefing on the effect of the United States Supreme Court's decision in *New York State Rifle & Pistol Assn., Inc. v. Bruen*, ___ U.S. ___, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022). *See* ___ Ohio St.3d ___, 2022-Ohio-3155, 194 N.E.3d 371 (Brunner, J., dissenting). I write separately to identify an additional reason why a remand to the trial court is the proper approach.

{¶ 8} The issue before us was litigated through the trial and appellate courts based on the law that existed prior to *Bruen*. Under the law before *Bruen*, a party arguing that a law was unconstitutional bore "the burden of proving that the legislation [was] unconstitutional beyond a reasonable doubt," *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 36. The parties created the record in this case based on that allocation of the burden, and the Eighth District Court of Appeals expressly relied on that law in reaching its decision. *See* 2019-Ohio-2911, 132 N.E.3d 743, ¶ 16. *Bruen*, however, changed the law with respect

to Second Amendment challenges, placing the burden on the government to "demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* at ___, 142 S.Ct. at 2126.

{¶ 9} *Bruen*'s change to the allocation of the burden of proof requires us to remand this case to the trial court, just as we would if the trial and appellate courts had incorrectly applied established law on who bears the burden of proof. " 'It has long been generally recognized that it is reversible error to place the burden of proof on the wrong party * * *.' " *Boles Trucking, Inc. v. United States*, 77 F.3d 236, 241 (8th Cir.1996), quoting *Voigt v. Chicago & Northwestern Ry. Co.*, 380 F.2d 1000, 1004 (8th Cir.1967). An exception to this rule exists when remanding to the trial court would not make a difference to the outcome of the case. *See Humphrey v. Humphrey*, 434 F.3d 243, 248 (4th Cir.2006) (discussing exceptions to the rule); *see also West Platte R-II School Dist. v. Wilson*, 439 F.3d 782, 785 (8th Cir.2006) ("Placing the burden of proof on the incorrect party is reversible error * * * [u]nless the error relates to an immaterial issue"). The majority does not find that exception applicable here.

{¶ 10} Yet returning this matter to the appellate court is insufficient, since there is now a burden-of-proof issue injected into the analysis, and the question whether that burden of proof has been met is squarely in the arena of the trial court. In addition, even if the appellate court concludes on remand that R.C. 2923.13(A)(2) is constitutional based on the existing record, an argument based on the change in the burden of proof would still be fair game in any jurisdictional appeal to this court.

{¶ 11} For this reason alone, this case should be remanded to the trial court for the parties to litigate the Second Amendment issue under the new burden-of-proof allocation set forth in *Bruen*. Other courts have taken this approach, and it makes sense for Ohio's courts to do so as well. *See, e.g.*, *Oakland Tactical Supply, L.L.C. v. Howell Twp.*, 6th Cir. No. 21-1244, 2022 WL 3137711, *2 (Aug. 5, 2022)

(vacating a district-court judgment and remanding for further proceedings because the court of appeals was "unable to apply [*Bruen*] based on the record and arguments * * * before" it and noting that on remand, the government would have to produce historical evidence "in the first instance"); *Duncan v. Bonta*, 49 F.4th 1228, 1231 (9th Cir.2022) (vacating a trial-court judgment and remanding for further proceedings in light of *Bruen*); *Young v. Hawaii*, 45 F.4th 1087, 1089 (9th Cir.2022) ("We vacate the judgment of the district court and remand this case to the district court for further proceedings pursuant to the Supreme Court order"); *Sibley v. Watches*, 2d Cir. No. 21-1986-cv, 2022 WL 2824268 (July 20, 2022) ("We remand the case to the District Court to consider in the first instance the impact, if any, of *Bruen* on Sibley's claims").

{¶ 12} The Tenth District Court of Appeals has considered how a lower court's use of an incorrect burden of proof affects subsequent appellate review. In *Brothers v. Morrone-O'Keefe Dev. Co., L.L.C.*, 10th Dist. Franklin No. 05AP-161, 2006-Ohio-1160, the Tenth District considered whether the trial court had improperly applied a higher burden of proof than the law required for a negligent-misrepresentation claim. *Id.* at ¶ 21-23. The appellate court agreed with the appellants that the trial court had applied the wrong burden of proof, but it refused to apply the correct, lesser burden of proof to the facts determined by the trial court, as suggested by the appellee. *Id.* at ¶ 21-22. The court stated, "What [the appellee] urges this court to do is nothing less than to act as a substitute for the trial court; to weigh the facts and determine whether they are sufficiently persuasive to prove liability." *Id.* at ¶ 22. It concluded, "This is not our role in the judicial process." *Id.* The duty of applying a new burden of proof to the facts belongs in the first instance to the trial court. *See id.*; *see also In re A.N.*, 8th Dist. Cuyahoga No. 99744, 2013-Ohio-3816, ¶ 9, 12 (reversing on the ground that the trial court had placed the burden of proof on the wrong party).

**{¶ 13}** Finally, I observe that the majority's decision does not preclude the court of appeals from remanding this matter to the trial court. Given the significant competing interests in this case, the court of appeals should be mindful of the authorities noted above.

**{¶ 14}** For these reasons, I respectfully dissent.

_____

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kevin R. Filiatraut and Brandon A. Piteo, Assistant Prosecuting Attorneys, for appellee.

Cullen Sweeney, Cuyahoga County Public Defender, and Robert B. McCaleb and Jonathan Sidney, Assistant Public Defenders, for appellant, Delvonte Philpotts.

_____