**INSTITUTE FOR RESOURCE MANAGEMENT, INC.,** Plaintiff,

v.

**The UNITED STATES, Defendant.**

No. 377–87T.

United States Claims Court.

Nov. 30, 1990.

Joseph J. Lyman, Washington, D.C., for plaintiff; Scott C. Whitney, Washington, D.C., of counsel.

Robert J. Higgins, Washington, D.C., with whom was Asst. Atty. Gen. Shirley D. Peterson, for defendant.

## OPINION

### MARGOLIS, Judge.

This tax case is before the court on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. Defendant, the United States, through the Internal Revenue Service ("IRS"), assessed the plaintiff, Institute for Resource Management, Inc. ("IRM"), $11,086,766.86 for failing to withhold and pay certain federal employment taxes on behalf of its workers. Plaintiff seeks a refund of partial payments of federal employment taxes and moves for summary judgment on the ground that it was exempted from a

duty to withhold and pay such taxes by the "safe haven" protection of § 530 of the Revenue Act of 1978, as amended. 26 U.S.C. § 3401 note (1982). Defendant counterclaims for a portion of the unpaid balance of the assessments and argues in its cross-motion that § 530 is not applicable to the plaintiff. After careful consideration of the record, and after hearing oral argument, the court concludes that § 530 does not afford plaintiff relief in this instance. Accordingly, plaintiff's motion for summary judgment is denied, and defendant's cross-motion for summary judgment is granted as to the § 530 issue.*

## BACKGROUND

Employers are required to withhold Social Security and federal income tax payments from their employees' wages, and to pay Social Security and unemployment taxes on behalf of their employees. Social security taxes are imposed on the employer and the employee under the Federal Insurance Contributions Act (FICA). 26 U.S.C. § 3101 *et seq.* Unemployment taxes are imposed on the employer under the Federal Unemployment Tax Act (FUTA). 26 U.S.C. § 3301 *et seq.* An employer must withhold federal income tax from wages paid to employees. 26 U.S.C. § 3401 *et seq.* Employers are required to withhold and pay federal employment taxes in connection with payments made to employees, but not in connection with payments to independent contractors. Generally, the classification of particular workers or classes of workers as employees or independent contractors is based on common law rules. 26 U.S.C. §§ 3121(d)(2), 3306(i); *see, e.g., General Investment Corp. v. United States,* 823 F.2d 337, 341–42 (9th Cir.1987).

In the late 1960s, the IRS became more exacting in its enforcement of the employment tax laws. Many employers who had previously successfully treated their workers as independent contractors were suddenly told by IRS that these workers were in fact employees, resulting in unantic-

---

\* On February 21, 1990, the court issued an order instructing the parties to brief the applicability of § 530 to this case. The parties were not to address the issue of whether, according to the common law, these HPCs were independent contractors or the employees of IRM. Accordingly, this court does not address the common law issue.

ipated assessments that the taxpayers were often unable to meet. *See* Staff of Joint Committee on Taxation, 95th Cong., 2d Sess., General Explanation of the Revenue Act of 1978, at 300 (Comm.Print 1979). To provide interim relief, Congress enacted § 530 of the Revenue Act of 1978, which allows taxpayers, under certain conditions, to treat workers as independent contractors, even though under the common law they might be considered employees. This "safe haven" provision allows for the treatment of some common law employees as statutory non-employees. *Id.* at 301; *see Railroad Concrete Crosstie Corp. v. United States,* 5 Cl.Ct. 781, 785 (1984); *Ridgewell's Inc. v. United States,* 228 Ct.Cl. 393, 398, 655 F.2d 1098, 1101 (1981).

Section 530(a)(1) of the "safe haven" provision reads as follows:

### Controversies Involving Whether Individuals Are Employees for Purposes of Employment Taxes

(a) **Termination of certain employment tax liability.—**

(1) **In General.—If—**

(A) for purposes of employment taxes, the taxpayer did not treat an individual as an employee for any period, and

(B) in the case of periods after December 31, 1978, all Federal tax returns (including information returns) required to be filed by the taxpayer with respect to such individual for such period are filed on a basis consistent with the taxpayer's treatment of such individual as not being an employee,

then, for purposes of applying such taxes for such period with respect to the taxpayer, the individual shall be deemed not to be an employee unless the taxpayer had no reasonable basis for not treating such individual as an employee.

26 U.S.C. § 3401 note. According to § 530(a)(1), if an employer did not treat an individual as an employee in accordance with the requirements of § 530(a)(1)(A) and § 530(a)(1)(B), then that individual is not to be considered an employee unless the employer had no reasonable basis for not treating the individual as an employee. The reasonable bases upon which the tax-

payer can rely are enumerated in § 530(a)(2).

Section 530(a)(3), however, states that § 530(a)(1) does not apply if the employer has treated any individual holding a substantially similar position as an employee for purposes of employment taxes. Section 530(a)(3) reads as follows:

(3) **Consistency Required in the Case of Prior Tax Treatment.—**Paragraph (1) shall not apply with respect to the treatment of any individual for employment tax purposes for any period ending after December 31, 1978, if the taxpayer (or a predecessor) has treated any individual holding a substantially similar position as an employee for purposes of the employment taxes for any period beginning after December 31, 1977.

26 U.S.C. § 3401 note. The application of § 530(a)(3) is a subject of disagreement between the parties in this case.

### FACTS

Plaintiff, IRM, trains and provides temporary Health Physics Consultants ("HPCs") to public utilities which operate nuclear power electricity generating plants. IRM treated these HPCs as independent contractors for purposes of employment taxes from 1970 until 1982. IRM did not withhold or pay federal employment taxes in connection with payments to these workers. In 1983 and 1984, IRM continued to treat most, but not all, of the HPCs as independent contractors.

In April 1983, IRM entered into a contract with Consolidated Edison of New York, Inc. ("Con Ed"), agreeing to supply a number of HPCs to the utility. In June 1983, the contract was modified, whereby IRM agreed to treat some Con Ed HPCs as employees of IRM and to withhold and pay federal employment taxes in connection with their wages. The Con Ed HPCs were the only HPCs treated as employees by IRM; all of the remaining HPCs continued to be treated as independent contractors, and no federal employment taxes were withheld or paid.

The IRS assessed IRM $11,086,766.25 for tax deficiencies—unpaid withholding and

FICA and FUTA taxes—together with penalties for failure to withhold and pay federal employment taxes in connection with payments to IRM's HPCs in 1983 and 1984. The assessment did not include the Con Ed HPCs, because IRM treated these HPCs as employees and withheld and paid the appropriate taxes. IRM paid $19,048.07 of the assessment, invoking the jurisdiction of this court under 28 U.S.C. §§ 1346(a)(1), 1491(a)(1). In this lawsuit, plaintiff seeks a refund of $19,048.07 and relief from the balance of the assessment. Defendant counterclaims for $3,537,947.25, which represents a portion of the original tax deficiency and penalties, and interest.

## DISCUSSION

Plaintiff argues that only the Con Ed HPCs were employees for federal employment tax purposes and that the independent contractor status of IRM's other HPCs was unaffected. Therefore, plaintiff claims that § 530(a)(3) did not apply to IRM, and it is entitled to "safe haven" protection for 1983 and 1984. Plaintiff asserts that its position is supported by the language of § 530(a)(3) and by the rationale of § 530(a)(3) as expressed in the legislative history and by the applicable Revenue Procedure. Plaintiff also argues that the defendant should be collaterally estopped from litigating the § 530 issues because a prior suit, which IRM claims was virtually identical to the one presently before the court, was dismissed by stipulation of the parties and resolved these issues. The government argues that, because IRM treated the Con Ed HPCs as employees, § 530(a)(3) requires that all the other HPCs, although treated as independent contractors, be denied the statutory protection of the "safe haven" provided by § 530(a)(1).

*Application of § 530(a)(3)*

■ A straightforward application of § 530(a)(3) reveals that IRM is not entitled to "safe haven" protection for 1983 and 1984. The parties agree that IRM treated its HPCs, except for the Con Ed HPCs, as non-employees in 1983 and 1984, in compliance with the requirements of § 530(a)(1)(A) and § 530(a)(1)(B). There is further agreement that the Con Ed HPCs were treated as employees by IRM, and are therefore ineligible for the "safe haven" protection of § 530(a)(1). Section 530(a)(3) states that § 530(a)(1) does not apply if the employer has treated any individual holding a substantially similar position as an employee for purposes of employment taxes. Plaintiff makes no attempt to distinguish the Con Ed HPCs from the rest of the HPCs. The court finds that plaintiff is excluded from the "safe haven" protection of § 530(a)(1) because of its treatment of the Con Ed HPCs as employees for employment tax purposes. The Con Ed HPCs were substantially similar to the rest of the HPCs, and therefore, plaintiff is not entitled to "safe haven" protection.

a. Statutory Language

■ Plaintiff argues that the § 530(a)(3) consistency requirement was satisfied by IRM because all substantially similar workers were treated as non-employees in the year 1979. According to the plaintiff, § 530(a)(3) only requires consistency of treatment in 1979. Because IRM treated all HPCs as non-employees in 1979, plaintiff contends that the consistency requirement was effectively met, and any inconsistencies in subsequent years had no impact on IRM's qualification for "safe haven" protection under § 530(a)(1).

Plaintiff's interpretation is based on an errant reading of the statute. When the statute was enacted in 1978, the heading of § 530(a)(3) was "Consistency Required in the Case of 1979 Tax Treatment." 26 U.S.C. § 3401 note (Supp.1978). Initially, the statute was to be in force for one year, and therefore the consistency requirement was only for one year. *See* Staff of Joint Committee on Taxation, 95th Cong., 2d Sess., General Explanation of the Revenue Act of 1978, at 303–04 (Comm.Print 1979). However, the statute was subsequently extended. The heading of § 530(a)(3) applicable in 1983 and 1984 was "Consistency Required in the Case of Prior Tax Treatment." 26 U.S.C. § 3401 note (1982). It is

clear that § 530(a)(3) requires consistency in all prior tax treatment.

### b. Legislative History

■ Plaintiff argues that the purpose of § 530(a)(3) was to prevent taxpayers from obtaining "safe haven" status by changing its practices or by reincorporating. The plaintiff refers to language in the legislative history indicating that § 530(a)(3) was "to prevent taxpayers from changing the way they treat workers for employment tax purposes solely to take advantage of the relief provisions." H.R.Rep. No. 1748, 95th Cong., 2d Sess. 6 (1978). Plaintiff argues that IRM did not change its treatment of the Con Ed workers to take advantage of the relief provisions. Instead, IRM elected to treat the Con Ed HPCs as employees, thereby disqualifying these HPCs from "safe haven" protection. Because IRM did not change its treatment of the HPCs to *qualify* for "safe haven" protection, plaintiff argues that the consistency requirement of § 530(a)(3) does not apply.

The court is not persuaded by the plaintiff's reading of § 530(a)(3). The same paragraph of the House Report, referred to by the plaintiff, paraphrases the statutory language of § 530(a)(3). The Report states that "[t]he bill prohibits the termination of any potential employment tax liability with respect to the treatment of any individual for employment tax purposes ... if the taxpayer (or a predecessor) has treated an individual holding a substantially similar position as an employee." *Id.* While the abuses specifically considered by Congress do not include the facts encountered in this case, there is no doubt that the present case is covered by the sweep of the statute's plain meaning. Section 530(a)(3) requires consistency. If all substantially similar workers are treated as independent contractors, then all the workers are covered under the "safe haven" protection. If, however, some of the workers holding substantially similar positions are treated as employees, then none of the workers are covered under the "safe haven" protection. Unless there is a clearly expressed legislative intention to the contrary, a statute's plain meaning must ordinarily be regarded

as conclusive. *Glaxo Operations UK Limited v. Quigg*, 894 F.2d 392, 395 (Fed.Cir. 1990) (quoting *Consumer Product Safety Commission v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)). Nothing in the legislative history indicates that Congress did not want to exclude employers from "safe haven" protection in cases such as this one. The plain meaning of the statute excludes plaintiff from "safe haven" protection here.

### c. Revenue Procedure

Similarly, plaintiff cites language from Revenue Procedure 78–35 § 3.03 which states that the purpose of § 530(a)(3) is to prevent "taxpayers from changing the way they treat workers solely to take advantage of the relief provisions." Plaintiff argues that § 530(a)(3) is properly used to deny "safe haven" to those employers who change their treatment of workers to access § 530(a)(1) protection. Plaintiff contends that employers such as IRM who elect to disqualify a limited number of their workers from "safe haven" protection should not be denied the "safe haven" for the remaining workers.

Plaintiff again fails to clear the hurdle presented by the plain language of § 530(a)(3). The Revenue Procedure itself reiterates the importance of the statutory language. Revenue Procedure 78–35 § 3.03 restates the consistency requirement of § 530(a)(3), that there is no "safe haven" for the employment tax treatment of any individual if the taxpayer "treated any individual holding a substantially similar position as an employee for employment tax purposes."

### Collateral Estoppel

■ Plaintiff also argues that the defendant should be collaterally estopped from litigating the § 530 issues on the basis of a prior audit of IRM by the IRS for the tax years 1979–1982, which resulted in a suit virtually identical to the one presently before the court. A stipulation for dismissal was filed, and that suit was dismissed. The plaintiff contends that the IRS had

stipulated that IRM complied with all the provisions of § 530 in 1979–1982, and the defendant is therefore precluded from relitigating the same § 530 issues. However, this court finds that this case presents a novel issue not considered in the previous litigation. Specifically, the § 530(a)(3) consistency requirement, at issue because of IRM's contract with Con Ed in 1983, was not a factor in the 1979–1982 litigation. Therefore, collateral estoppel does not apply.

## CONCLUSION

Since IRM treated some HPCs as employees, and there is no indication that these HPCs are substantially different from the other HPCs, IRM cannot claim the "safe haven" protection of § 530(a)(1). Pursuant to § 530(a)(3), if the employer treated any individual holding a substantially similar position as an employee, then the "safe haven" protection is unavailable for all workers.

For the reasons stated above, plaintiff's motion for summary judgment is denied, and defendant's cross-motion for summary judgment is granted as to the "safe haven" protection issue.