**LOWEN CORPORATION, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**EASTERN INVESTMENT CORP., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. Nos. 90–1589–B, 90–1588–B.**

United States District Court,
D. Kansas.

Feb. 25, 1992.

---

Jack D. Flesher, R. Chris Robe, Colleen M. Miller, Bever, Dye, Mustard & Belin, Brian G. Grace, Grace, Unruh & Pratt, Wichita, Kan., for plaintiff.

Charles S. Kennedy, III, U.S. Dept. of Justice, Office of Special Litigation, Tax Div., Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This matter comes before the court on defendant United States of America's motions for partial summary judgment (Doc. 16, 17) pursuant to Fed.R.Civ.P. 56. The government's motions seek rulings on two issues: (1) whether the plaintiffs (taxpayers) are entitled to relief under § 530 of the Revenue Act of 1978, for both their sign and decal salespersons, and (2) whether the taxpayers' decal salespersons are employees or independent contractors for employment tax purposes. The parties apparently agree that the case is ripe for summary judgment on issue (1) with respect to both the sign and decal salespersons and on issue (2) with respect to the decal salespersons. The government admits that summary judgment is not appropriate at this time on issue (2) with respect to the sign salespersons. (Doc. 18)

### Factual Background

The taxpayers employ decal salespersons, who sell custom-made decals to apply to machinery or other objects, and sign salespersons, who sell real estate signs to residential real estate brokers. The taxpayers admit that prior to July, 1984, all decal salespersons and some sign salespersons were treated as employees for tax purposes. (Doc. 20)

In July, 1984, the taxpayers reorganized their corporate structure. The taxpayers made a decision to treat all their salespersons, both decal and sign, as independent

contractors. The Internal Revenue Service (IRS) audited the taxpayers and determined that all salespersons should be treated as employees for the period January 1, 1984 through December 31, 1986. The IRS assessed federal employment taxes based on that determination. The taxpayers paid the withholding tax on one employee of each corporation and then filed these suits to obtain a refund. The government has counterclaimed for the balance of the tax assessment.

### Section 530

The taxpayers claim that § 530(a)(1) of the Revenue Act of 1978, Pub.L. No. 95–600, 92 Stat. 2763, 26 U.S.C. § 3401 note, provides them with a so-called "safe harbor" from payment of federal employment taxes for those sign salespersons whom they consistently treated as independent contractors prior to July 1, 1984. Taxpayers apparently concede that they are not entitled to avail themselves of the "safe harbor" provision for their decal salespersons, all of whom were treated as employees prior to 1984.

Section 530(a)(1) provides, in pertinent part:

(a) Termination of certain employment tax liability.

(1) In general. If—

(A) for purposes of employment taxes, the taxpayer did not treat an individual as an employee for any period, and

(B) in the case of periods after December 31, 1978, all Federal tax returns (including information returns) required to be filed by the taxpayer with respect to such individual for such period are filed on a basis consistent with the taxpayer's treatment of such individual as not being an employee, then for purposes of applying such taxes for such period with respect to the taxpayer, the individual shall be deemed not to be an employee unless the taxpayer had no reasonable basis for not treating such individual as an employee.

The government responds that the taxpayers may not utilize the "safe harbor" because of the disallowance provisions contained in § 530(a)(3), which provide:

Paragraph (1) shall not apply with respect to the treatment of any individual for employment tax purposes for any period ending after December 31, 1978, if the taxpayer (or a predecessor) has treated any individual holding a substantially similar position as an employee for purposes of the employment taxes for any period beginning after December 31, 1977.

The question, for purposes of summary judgment, is the existence of a genuine issue whether the taxpayers' sign sales representatives who had been treated as employees before July 1, 1984, held "substantially similar positions" within the meaning of § 530 to the sign salespersons who had not been so treated.

■ Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); Fed.R.Civ.P. 56(c). When a moving party makes a properly supported motion for summary judgment, the adverse party is required to set forth specific facts showing there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

■ Both the taxpayers and the government rely on the deposition testimony of Dennis Johnson, the taxpayers' sales manager of the sign division from 1979 to 1986. Johnson testified the only difference between the two categories of sign salespersons was that the salaried salespersons (employees) filled out daily call reports and their compensation was structured differently.

These differences are insignificant and do not constitute disputed material issues. The type of work performed by all salespersons was of a substantially similar nature. All travelled around their assigned territories and sold plaintiffs' product. All were required to provide their own trans-

portation. All had a sales goal and reported to Dennis Johnson, who had the authority to terminate any salesperson who did not perform satisfactorily. *See Lambert's Nursery and Landscaping, Inc. v. U.S.,* 894 F.2d 154, 156 (5th Cir.1990).

Since the taxpayers have treated some of the sign salespersons who held substantially similar positions as employees, the "safe harbor" provisions of § 530(a)(1) are unavailable for all salespersons. *Institute for Resource Management, Inc. v. U.S.,* 22 Cl.Ct. 114, 118 (1990). The government's motion for partial summary judgment on this issue is granted. The taxpayers are not entitled to the benefit of the § 530 "safe harbor" provisions for any of their employees.

### Employees or Independent Contractors

Prior to 1984, the taxpayers treated all decal salespersons as employees for tax purposes. In 1984, the taxpayers attempted to reclassify the decal salespersons. They had the salespersons execute an "Independent Representative Agreement" to replace the "Employment Agreement" under which they previously had worked. The issue is whether the reclassification was effective to shift the decal salespersons' status from employees to independent contractors.

The determination of whether individual workers are classified as employees or independent contractors is based on common law rules. 26 U.S.C. § 3121(d)(2). Although a variety of factors are used to analyze employment status for tax purposes, the basic test is employer control over the manner in which the work is performed, either actual or the right to it. *General Inv. Corp. v. U.S.,* 823 F.2d 337, 341 (9th Cir.1987). If the worker is subject to the will and control of the employer not only as to what is done but how it is done, an employer-employee relationship is found. Rev.Rul. 87–41, 1987–1 C.B. 296.

Turning first to the two agreements utilized by the taxpayers, a comparison of the two documents indicates they are similar in terms of the salespersons' duties, restrictions, and termination conditions. The sole substantive change is a provision stating that the salespersons are responsible for their own expenses and the omission of a salary.

It is uncontroverted that prior to July, 1984, all decal salespersons received a base salary, a fixed reimbursement for expenses, the payment of health insurance premiums, and commissions. After July, 1984, all decal salespersons received compensation equal to their previous salary, expense reimbursement, and insurance premiums in addition to their commissions. The change in the compensation package appears to be cosmetic in nature.

The other "paper" change the taxpayers made was in regard to call reports, a daily log of the decal salespersons' activities. Prior to July of 1984, the taxpayers *required* the salespersons to send in daily call reports. After that date, the salespersons were *requested* to send in daily call reports. The court finds this difference to be *de minimis.*

Accordingly, no disputed issues of material fact are created by a comparison of the documents. The only remaining question concerns the duties of the decal salespersons.

During the period in question, the taxpayers employed a national sales director, Glenna Cooley, who was responsible for the control and supervision of the decal sales force. The taxpayers' written description of its national sales director's duties during the period in question states that Cooley was responsible for directing the decal sales force; recruiting, hiring, training and improving the sales force; initiating and enforcing territorial sales requirements; and planning, directing and participating in the selling effort. The national sales director determined the areas in which the salespersons could work, spent the majority of her time in the field actively supervising them, and regularly contacted most of them two or three times a week. These duties reflect a significant degree of control by the plaintiffs through Cooley over the salespersons. Cooley's deposition was taken and her extensive testimony com-

ports with the written description of her duties and her dealings with the decal salespersons.

The taxpayers have attached the affidavits of two salespersons purporting to controvert Cooley's testimony. One of the salespersons appears to be the daughter of the companies' owner.

If this case was ripe for summary judgment on the independent contractor issues pertaining to both the sign and decal salespersons, the court would have little hesitation in finding that the affidavits are insufficient to raise disputed issues of material fact concerning Cooley's testimony. However, out of an abundance of caution, the court will deny summary judgment at this time but will reconsider the motion when the case is ready for decision on the independent contractor issues pertaining to the sign salespersons.

Accordingly, the government's motion for summary judgment on § 530 is sustained (Doc. 16). The government's motion on the independent contractor-employee issue (Doc. 17) is denied, subject to later reconsideration.

IT IS SO ORDERED.