**Ernest HALFHILL, d/b/a Halfhill Trucking, Plaintiff,**

**v.**

**UNITED STATES of America INTERNAL REVENUE SERVICE, Defendant.**

**Civil Action No. 95–484.**

United States District Court, W.D. Pennsylvania.

March 7, 1996.

---

Stephen I. Richman, Ceisler, Richman & Smith, Washington, PA, Gerald P. Duff, Lodge L. Hanlon, John G. Paleudis, Todd M. Kildow, Hanlon, Duff, Paleudis & Estadt, St. Clairsville, OH, for plaintiff.

Michelle O. Gutzmer, United States Attorney's Office, Pittsburgh, PA, Charles M. Flesch, Robert S. Attardo, United States Department of Justice, Tax Division, Washington, DC, for United States of America Internal Revenue Service.

## MEMORANDUM OPINION

BLOCH, District Judge.

Presently before the Court is defendant's motion for partial summary judgment. For the reasons set forth in this opinion, the Court will grant the defendant's motion.

### I.  Background

The facts of record are as follows.

In 1978, plaintiff purchased a tractor trailer and started a trucking company called Halfhill Trucking (HT), a sole proprietorship. Plaintiff operated HT as a leasing venture; that is, plaintiff leased HT's truck to various interstate commerce carriers and also provided a truck driver who hauled loads for the carriers.

During 1978 and the first half of 1979, plaintiff's son, Ken Halfhill (Halfhill), was HT's sole truck driver. Although Halfhill's primary duty was to drive the truck, Halfhill also had the authority to negotiate with the carriers regarding future leasing of HT's truck. HT, via plaintiff, paid Halfhill based on a percentage of what the carriers paid to lease the truck.

During the 1978–1979 period, plaintiff treated Halfhill as his employee and issued him federal Form W–2's. Plaintiff also paid the required federal employment taxes, including social security and unemployment taxes, on Halfhill's earnings.

In the middle of 1979, however, Halfhill left HT and became an employee of Sentle Trucking (Sentle). Plaintiff thus decided to modify HT's business, leasing HT's truck to only one carrier—Sentle.

Subsequently, in late 1981, Sentle's business was deteriorating and Sentle's exclusive lease with plaintiff expired. Plaintiff did not renew this lease; rather, plaintiff purchased another truck and in 1982 began operating HT in a manner more similar to when plaintiff had started the company. Specifically, HT's trucks were leased to different carriers and Halfhill, who had left Sentle, as well as other individuals, drove HT's trucks for the carriers. All of the drivers of HT's trucks had the authority to negotiate leases with the carriers, and plaintiff paid the drivers based on a percentage of what the carriers paid to lease the trucks, as Halfhill was paid in the past.

From 1982 until mid–1990, however, plaintiff did not treat the individuals who drove HT's trucks as employees. Rather, plaintiff considered the drivers, including Halfhill, to be independent contractors for federal tax purposes and, therefore, plaintiff did not pay employment taxes on the drivers' compensation.

Eventually, in light of tax assessments levied by the Internal Revenue Service, plaintiff paid employment taxes for his drivers for the second half of 1990 in the amount of $49.24. After paying this amount, plaintiff filed an administrative claim seeking a refund of the same. The IRS denied the plaintiff's administrative claim, and plaintiff instituted the instant action seeking a refund of the employment taxes that he had paid. Plaintiff claims that he is entitled to this refund on the ground that HT's drivers are independent contractors, *not* his employees. Moreover, plaintiff contends that even if the drivers are his employees, plaintiff is entitled to protection under § 530 of the Revenue Act of 1978—which exempts certain employers from tax liability when they have in good faith misclassified their employees as independent contractors.

Defendant contests plaintiff's entitlement to a refund, asserting that HT's drivers are, in fact, employees of plaintiff and that plaintiff is not entitled to protection under § 530 of the Revenue Act of 1978. Moreover, defendant filed a counterclaim against plaintiff seeking to recover $222,720.45 of unpaid employment taxes assessed against plaintiff for

the 1988 through 1990 tax years. Plaintiff denies liability with regard to the defendant's counterclaim for the same reason that he asserts that he is entitled to a refund.

At this time, defendant has moved for summary judgment with regard to the single issue of whether plaintiff is entitled to relief under § 530 of the Revenue Act of 1978.[1]

## II. Discussion

■■■ Summary judgment may be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, this Court must examine the facts in a light most favorable to the party opposing the motion. Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir.1992), cert. denied, 507 U.S. 912, 113 S.Ct. 1262, 122 L.Ed.2d 659 (1993); International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir.1990). Thus, where the non-moving party's evidence contradicts the movant's, the Court must accept the non-movant's evidence as true. Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir.1991).

■■■ The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. Chipollini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d

Cir.) (en banc), cert. dismissed, 483 U.S. 1052, 108 S.Ct. 26, 97 L.Ed.2d 815 (1987). Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that "the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial." Id.; Celotex, 477 U.S. at 322, 106 S.Ct. at 2552. The non-moving party "must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or … vague statements." Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir.), cert. denied, 502 U.S. 940, 112 S.Ct. 376, 116 L.Ed.2d 327 (1991). If the non-moving party does produce contradictory evidence, however, then the "believability and weight of the evidence remains the province of the factfinder." Big Apple, 974 F.2d at 1363.

■■■ In this case, defendant asserts that it is entitled to summary judgment with regard to plaintiff's claim that he qualifies for relief from tax liability under § 530 of the Revenue Act of 1978. More specifically, defendant asserts that plaintiff is not entitled to protection under § 530 because he cannot meet § 530's "consistency requirement." Plaintiff, on the other hand, contends that there are material issues of fact in dispute with regard to this claim that preclude a grant of summary judgment.

### A. Federal employment taxes and § 530 of the Revenue Act of 1978

■■■ Under the Internal Revenue Code, "employers must pay social security and unemployment taxes on behalf of their employees." Hospital Resource Personnel, Inc. v. United States, 68 F.3d 421, 424 (11th Cir.1995).[2] "These taxes are known collectively as 'employment taxes.'" Id. "Employers are only required to … pay these

---

1. The Court notes, and the defendant does not dispute, that even if the Court grants this motion, plaintiff will still be entitled to a refund if the plaintiff can demonstrate that the drivers of HT's trucks are independent contractors, not employees.

2. Congress has imposed social security taxes on the employer under the Federal Insurance Con-

tribution Act (FICA). 26 U.S.C. § 3101, et seq. Congress has imposed unemployment insurance taxes on the employer under the Federal Unemployment Tax Act (FUTA). 26 U.S.C. § 3301, et seq.; see also Hospital Resource Personnel, Inc., 68 F.3d at 424 n. 5.

employment taxes, however, in regard to payments to 'employees,' not to 'independent contractors.'" *Id.* "In connection with payments to 'independent contractors,' employers only have to send annual information returns, on Form 1099 to the worker and on Forms 1096 and 1099 to the IRS, indicating the income paid [to the independent contractor] during the year." *Id.; see also Boles Trucking, Inc. v. United States,* No. 95–1826, 77 F.3d 236, 238–39 (8th Cir.1996). In light of these tax consequences, their proper characterization of the employment relationship is vital.

██ Under certain circumstances, however, an employer who has mistakenly treated its employees as independent contractors—and has thus failed to pay the required employment taxes—may be relieved of its tax liability pursuant to § 530 of the Revenue Act of 1978. Congress created the "safe harbor" provisions of § 530 in order to alleviate "what was perceived as overly zealous pursuit and assessment of taxes and penalties against employers who had, in good faith, misclassified their employees as independent contractors." *Boles Trucking, Inc., supra,* at 239; *see also In re Rasbury,* 141 B.R. 752, 761 (N.D.Ala.1992).

██ Section 530 provides in relevant part that:

(a) *Termination of certain tax liability.*—

(1) *In general.*—If

(A) for purposes of employment taxes, the taxpayer did not treat an individual as an employee for any period, and

(B) in the case of periods after December 31, 1978, all Federal tax returns (including information returns) required to be filed by the taxpayer with respect to such individual for such period are filed on the basis consistent with the individual not being an employee,

then ... the individual shall be deemed not to be an employee unless the taxpayer

had no reasonable basis for not treating such individual as an employee.

\*   \*   \*   \*   \*   \*

(3) *Consistency required in the case of prior tax treatment.*—Paragraph (1) shall not apply with respect to the treatment of any individual for employment tax purposes ... if the taxpayer (or predecessor) has treated any individual holding a substantially similar position as an employee for purposes of employment taxes for any period beginning after December 31, 1977.

Section 530 of the Revenue Act of 1978, P.L. 95–600, § 530, 92 Stat. 2763 (1978), *reprinted in* 1978 USCCAN 2.[3] Thus, § 530 is essentially a defense to an otherwise valid claim against a taxpayer who has failed to pay employment taxes because he has treated employees as independent contractors. *See Murphy v. United States,* No. 93–C–156–S, 1993 WL 559362, at \*2 (W.D.Wis. October 22, 1993). "Accordingly, the party claiming § 530 protection has the burden to show entitlement to [such] protection." *Id.*

██ As made clear by the plain language of § 530, a taxpayer qualifies for relief under § 530 only if the taxpayer can show that: (1) the taxpayer has not treated any individual as an employee who holds a substantially similar position as those classified as independent contractors (the substantial consistency requirement); (2) the taxpayer has filed all required federal tax returns on a basis consistent with the taxpayer's treatment of an individual as an independent contractor (the reporting consistency requirement); and (3) the taxpayer had a reasonable basis for treating the individual as an independent contractor. *See, e.g., Henry v. United States,* 793 F.2d 289, 291 (Fed.Cir.1986); *Henderson v. United States,* No. 90–1064, 1992 WL 104326, at \*3 (W.D.Mich. February 18, 1992); *Murphy, supra,* at \*2. As one Court has stated, the "keys to gaining access to the [protection of § 530] are found, first, in the consistent treatment of all similarly situated individuals, and second ..., [on] accurate, complete filing of all required tax forms." *Erickson v. Commissioner,* 172 B.R. 900, 912–13 (D.Minn.1994).

---

**3.** Although § 530 was never codified, it is reproduced in the notes following § 3401 of the Internal Revenue Code. (*See* defendant's brief at p. 12, n. 7).

### B. Application of § 530 to the instant case

In this case, however, the Court finds that the evidence of record demonstrates that plaintiff cannot meet the requirements of § 530 set forth above. More specifically, the record demonstrates that plaintiff did not treat all individuals who held similar positions as independent contractors, failing § 530's "substantial consistency requirement." Indeed, plaintiff treated his only driver, Halfhill, as an *employee* in 1978 and 1979, but from 1982 through 1990, plaintiff treated all the individuals who drove HT's trucks, including Halfhill, as independent contractors. The type of work performed by Halfhill in the 1970's, however, was substantially similar to the work performed by all of the drivers in the 1980's; these individuals drove HT's trucks, negotiated with carriers regarding the leasing of HT's vehicles, and were paid a percentage of what HT's trucks actually earned. Thus, because plaintiff has inconsistently labeled individuals who performed similar job functions, he is not entitled to § 530's shelter. *See also Lowen Corp. v. United States,* 785 F.Supp. 913, 915–16 (D.Kansas 1992); *Erickson,* 172 B.R. at 913; *Nash v. United States,* No. 93–5877, 1995 WL 655588, at *1 (E.D.Pa. November 7, 1995) (all holding that inconsistent treatment of workers precludes relief under § 530).[4]

Contrary to the Court's findings, plaintiff has argued that there are material issues of fact in dispute with regard to whether plaintiff has satisfied § 530's consistency requirements. More specifically, plaintiff contends that the evidence indicates that plaintiff actually started a new business in 1982, borrowing the name of his first business. Therefore, plaintiff argues that the fact that he treated Halfhill as an employee in 1978 and 1979 is irrelevant and because he treated all of his drivers consistently for the period that his new business was in operation—1982

through 1990—he is entitled to protection under § 530.

The Court, however, finds plaintiff's arguments to be unpersuasive for the following reasons. First, the provisions of § 530 look to whether a *"taxpayer"* or a *"taxpayer's predecessor"* has treated workers consistently, not to the actions of a particular business. In this case, plaintiff cannot dispute that he was the same taxpayer from 1978 through 1990.[5] In fact, plaintiff used the same employer identification number on his IRS filings throughout this period. Moreover, a reasonable factfinder could not conclude, based on the record before the Court, that plaintiff ever started a "new" business. Although plaintiff indicated in his deposition that he did so, when questioned more thoroughly, plaintiff stated that he believed he started a new business simply because of the way he treated his drivers for tax purposes. (*See* defendant's Exhibit A–1, pp. 167–68). This testimony, coupled with the alleged "new" business' same name, function, and ownership as the alleged "old" business, demonstrate that plaintiff did not, in fact, start a different company. Finally, even if plaintiff had started another business, the evidence indicates that the first business was a predecessor of the second business, and the consistency requirements would, therefore, apply to the period that both businesses were in operation, i.e., 1978 through the present.

In sum, the Court finds that defendant is entitled to summary judgment with regard to plaintiff's claim to relief under § 530 because the plaintiff cannot satisfy § 530's substantial consistency requirement. Therefore, the Court will grant the defendant's motion for partial summary judgment.

---

4. The Court also notes that the record demonstrates that plaintiff fails § 530's "reporting consistency requirement" because plaintiff did not file the required federal returns on a basis consistent with his treatment of Halfhill as an independent contractor. The Court need not, however, rely on this ground.

5. HT is a sole proprietorship operated by plaintiff and, therefore, plaintiff is the party responsible for paying taxes for this business.