Richard N. and Martha A. SMITH, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 76–2928.

United States Court of Appeals, Fifth Circuit.

Feb. 27, 1978.

H. Dean Owen, Jr., H. E. Dickey, Jr., Fort Worth, Tex., for plaintiffs-appellants.

Michael P. Carnes, U. S. Atty., Fort Worth, Tex., Michael L. Paup, Atty., Scott P. Crampton, Asst. Atty. Gen., Francis J. Gould, Atty., Gilbert E. Andrews, Acting Chief, Appellate Sec., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before COLEMAN and FAY, Circuit Judges and KING,* District Judge.

PER CURIAM:

Appellant, the owner of two moving vans, seeks to contest a deficiency assessment by the Commissioner of Internal Revenue for unpaid withholding and social security taxes on the earnings of the van drivers during the last three quarters of 1970 and the first quarter of 1971. The appellant paid a portion of the assessment and brought suit in the District Court for a refund of that amount and an abatement of the remainder of the assessment. The government asserted a counterclaim for the unpaid balance.

The deficiency assessment was based upon the Commissioner's determination that the drivers of the vans qualified as the taxpayer's employees under the provisions of the Internal Revenue Code of 1954. The taxpayer argued below, as before this court, that the two long distance drivers were independent contractors, not employees, and therefore, that he is not liable for federal employment taxes. The District Court found in favor of the government, and the taxpayer appealed.

Because the District Court's judgment turns upon an issue of fact, the standard of review to be applied by this court is one of clear error. The issue presented on appeal, therefore, is whether the District Court clearly erred in its determination that the two drivers were, in fact, the appellant's employees. We find that it did not.

The trial court recognized that the determination of an individual's status as employee or independent contractor for tax purposes is based on "the usual common law rules applicable in determining the employer-employee relationship." 26 U.S.C.A. § 3121(d)(2) (Internal Revenue Code). Thereupon, it applied accepted common law factors considered relevant to a determination of an employment relationship to the facts of the case. *See Avis Rent-A-Car System, Inc. v. United States,* 503 F.2d 423 (2nd Cir. 1974). This court, recognizing the trial court's primary responsibility to make such a factual determination, finds and concludes that there was no clear error in this analysis, and the judgment of the District Court is therefore affirmed.

AFFIRMED.