LAMBERT'S NURSERY AND
LANDSCAPING, INC.,
Plaintiff–Appellee,

v.

UNITED STATES of America,
Defendant–Appellant.

No. 89–4298.

United States Court of Appeals,
Fifth Circuit.

Feb. 12, 1990.

John R. Halliburton, Asst. U.S. Atty., Joseph S. Cage, Jr., Shreveport, La., David N. Crapo, Atty., U.S. Dept. of Justice, Michael J. Roach, Gary R. Allen, Chief, and David I. Pincus, Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellant.

M. Thomas Arceneaux, Shreveport, La., for plaintiff-appellee.

Before CLARK, Chief Judge, RUBIN and WILLIAMS, Circuit Judges.

CLARK, Chief Judge:

### I.

The Internal Revenue Service ("IRS" or "the Service") appeals a final judgment of the district court in favor of taxpayer Lambert's Nursery and Landscaping, Inc. in a cause tried before Magistrate Roy S. Payne by consent. We affirm.

### II.

Cardis Lambert operated a landscaping service through the tax years pertinent to this suit (1981–83). Previous to its incorporation in 1976, Lambert owned and operated the business as a sole proprietor. Since incorporation, the company has been wholly owned by Lambert and his wife. The business was operated during the years in question by hiring and paying landscape workers on a job-by-job basis. Because these workers were considered independent

contractors, no federal employment taxes on their salaries were withheld or paid (F.I. C.A. and F.U.T.A. taxes, as required by the Federal Insurance Contributions Act, 26 U.S.C. § 3101 et seq., and the Federal Unemployment Tax Act, 26 U.S.C. § 3301 et seq.).

In 1976, the IRS audited Lambert's 1974 tax return. An IRS appellate conferee determined that Lambert's landscape workers were indeed independent contractors. No assessment was made against Lambert for the unpaid 1974 F.I.C.A. and F.U.T.A. taxes.

Lambert's business expanded and diversified in 1980 when Lambert obtained contracts to provide janitorial services for several Shreveport area offices of South Central Bell. As with his landscape workers, Lambert employed his janitorial workers on a by-the-job basis. The workers were allowed to perform their work according to their own schedule within the overall time frame set by South Central Bell. Lambert paid the janitorial workers on a weekly basis. Their pay reflected the estimated number of hours required to complete a given job multiplied by the minimum wage. These janitorial workers were treated as independent contractors for tax purposes, and Lambert did not pay F.I.C.A. or F.U. T.A. taxes on their compensation. Lambert also employed two permanent supervisors to direct and inspect the janitorial work and several permanent landscape workers to provide landscaping services for the South Central Bell buildings. Lambert treated these supervisors and landscapers as employees for tax purposes.

When the IRS audited Lambert's corporate tax returns for 1981, 1982, and 1983, the Service determined that Lambert's janitorial workers were employees rather than independent contractors. The IRS then declared a deficiency of $62,378.60 in F.I.C.A. and F.U.T.A. taxes against the corporation. Lambert paid $100 of the assessment and filed for a refund. After waiving his right to notice of the disallowance of his claim for refund, Lambert filed suit in the Western District of Louisiana for the return of the $100 payment and the cancellation of the $62,378.60 assessment.

Lambert argued that he was exempt from the tax assessment under the prior audit safeharbor provision of the Revenue Act of 1978, Pub.L. No. 95–600, § 530, 92 Stat. 2763 ("§ 530"), which applied to the tax years in question.[1] Under that statute, an employer is not required to pay employment taxes on workers whom he treats as independent contractors "unless the taxpayer had no reasonable basis for not treating such individual as an employee." A statutory safeharbor within this provision, § 530(a)(2)(B), states that such a "reasonable basis" exists if the taxpayer relies on "a past Internal Revenue Service audit of the taxpayer in which there was no assessment attributable to the treatment (for employment tax purposes) of the individuals holding positions substantially similar to the position held by this individual." The

1. SEC. 530. CONTROVERSIES INVOLVING WHETHER INDIVIDUALS ARE EMPLOYEES FOR PURPOSES OF THE EMPLOYMENT TAXES.
(a) *Termination of Certain Employment Tax Liability.—*
(1) *In General*—if—
(A) for purposes of employment taxes, the taxpayer did not treat an individual as an employee for any period, and
(B) in the case of periods after December 31, 1978, all Federal tax returns (including information returns) required to be filed by the taxpayer with respect to such individual for such period are filed on a basis consistent with the taxpayer's treatment of such individual as not being an employee, then, for purposes of applying such taxes for such period with respect to the taxpayer, the individual shall be deemed not to be an employee unless the taxpayer had no reasonable basis for not treating such individual as an employee.
(2) *Statutory standards providing one method of satisfying the requirements of paragraph (1).* For purposes of paragraph (1), a taxpayer shall in any case be treated as having a reasonable basis for not treating an individual as an employee for a period if the taxpayer's treatment of such individual for such period was in reasonable reliance on any of the following:

\* \* \* \* \* \*

(B) a past Internal Revenue Service audit of the taxpayer in which there was no assessment attributable to the treatment (for employment tax purposes) of the individual holding positions substantially similar to the position held by this individual. (emphasis added).

magistrate was of the opinion that, as a matter of law, both the 1974 landscape workers and the 1981–83 janitors were actually employees rather than independent contractors. However, because, the two sets of employees were "substantially similar" in their relationship to Lambert, the magistrate held that Lambert had reasonably relied on the result of the 1976 audit in treating his janitorial workers as independent contractors. The magistrate ordered the IRS to cancel the tax assessment for 1981–83 and to refund Lambert's $100 payment.

## III.

### A. Standard of Review

Although the magistrate's opinion treats the determination that the landscape workers and the janitorial workers were "substantially similar" as a conclusion of law, the determination is one of fact. See *Commissioner of Internal Revenue v. Duberstein*, 363 U.S. 278, 289–92, 80 S.Ct. 1190, 1198–201, 4 L.Ed.2d 1218 (Whether a disposition of property is a "gift" for tax purposes is a question of fact because of the "nontechnical nature of the statutory standard, the close relationship of it to the data of practical human experience, and the multiplicity of relevant factual elements." 363 U.S. at 289, 80 S.Ct. at 1198.). Accordingly, we will not reverse the decision unless it is clearly erroneous. *Lockette v. Greyhound Lines, Inc.*, 817 F.2d 1182, 1185 (5th Cir.1987).

### B. The Similarity of the Landscape Workers to the Janitors

■ It is not necessary to determine whether Lambert's landscape or janitorial workers were independent contractors or employees for employment tax purposes. Lambert may avoid the assessment of employment taxes if he is entitled to the safe-harbor provision of § 530(a)(2)(B). Lambert can claim the safeharbor of the 1976 IRS decision if the 1974 landscape workers were "substantially similar" to the 1981–83 janitorial workers, regardless of whether the workers were labeled, in law or fact, employees or independent contractors.

Section 530(a)(2)(B) is available to Lambert if the magistrate correctly determined that the two groups of workers were "substantially similar."

The magistrate found that both groups of workers were treated similarly "in terms of control, supervision, pay and demands." The workers were all supervised by persons other than Lambert, although Lambert inspected the work periodically and could control the ultimate result of the work. Lambert provided both groups with some of the materials and tools needed for their work. Both groups were paid by the job, and neither was paid overtime or given fringe benefits. All of the workers were allowed to work for other employers in their time away from their employment with Lambert. None were required to punch in and out on a time clock or to keep a time sheet, and all of Lambert's workers had to provide their own transportation to and from the job site.

The IRS argues that dissimilarities also existed between the groups. The 1974 landscape personnel usually worked under oral contracts whereas the janitors usually had written contracts. The janitors arguably had more job security than the landscape workers. Lambert provided more supplies for the janitors than for the landscape workers. The janitors worked on a more controlled schedule than the landscape workers. The relative importance of these differences within the totality of circumstances surrounding the workers' employment is vigorously disputed by the parties. It is not necessary to resolve this dispute. The differences are not sufficient to render the magistrate's decision clearly erroneous. As the Supreme Court has stated:

> If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

*Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985) (citations omitted). Accordingly, we affirm the decision of the magistrate that the two groups of workers were "substantially similar" under § 530(a)(2)(B).

### C. The Interpretation of § 530

██ The IRS also contends that the magistrate's decision does violence to the Congressional intent of § 530 by allowing Lambert to use an audit conducted within one industry to provide a safeharbor governing employees in another industry. The IRS, however, has provided no authority to support its assertion that the type of work done, rather than the structure of the relationship between the taxpayer and his workers, should be the preeminent interpretive factor for § 530(a)(2)(B). Neither does the plain wording of the provision provide support for the IRS position. The "reasonable basis" requirement of § 530(a)(1), to which § 530(a)(2)(B) is directly linked, has been broadly interpreted in favor of taxpayers. *General Investment Corp. v. United States,* 823 F.2d 337, 340 (9th Cir.1987). The relationship of the taxpayer to his workers is the most important element of the § 530(a)(2)(B) analysis, and a taxpayer may reasonably rely on a prior audit pursuant to § 530(a)(2)(B) even though he later employs substantially similar workers in a different industry.

### IV.

The judgment of the district court is AFFIRMED.