**NORTH LOUISIANA REHABILITATION CENTER, INC.,**

v.

**UNITED STATES of America.**

**No. 00-0445.**

United States District Court, W.D. Louisiana, Monroe Division.

Nov. 8, 2001.

---

Eddy M. Quijano, Adams & Reese, Baton Rouge, LA, Jeffrey Cooper, Mesirov Gelman et al, Philadelphia, PA, for Plaintiff.

Michael N. Wilcove, U.S. Dept. of Justice Tax Div., Washington, DC, for Defendant.

## RULING

JAMES, District Judge.

This is a suit by Plaintiff North Louisiana Rehabilitation Center, Inc. ("Plaintiff") against the United States of America ("Defendant") seeking a refund of employment taxes paid pursuant to an assessment by the Internal Revenue Service ("IRS") based on a determination that certain physicians should have been treated as employees rather than as independent contractors. Before the Court is Plaintiff's Motion for Summary Judgment [Doc. No. 34]. Plaintiff asserts that there are no genuine issues of material fact and that it is entitled to summary judgment as a matter of law against Defendant in the amount of $7,010.90, together with interest and attorney's fees. Defendant contends that genuine issues of fact remain which preclude the entry of summary judgment. Also before the Court is Plaintiff's appeal of Magistrate Judge James D. Kirk's Order granting Defendant's Second Motion for Leave to Withdraw or Amend Admission [Doc. No. 55].

For the following reasons, Plaintiff's appeal of the Magistrate Judge's Order granting Defendant's Second Motion for Leave to Withdraw or Amend Admission [Doc. No. 55] is DENIED and the Magistrate Judge's Order [Doc. No. 53] is AFFIRMED. Further, Plaintiff's Motion for Summary Judgment [Doc. No. 34] is GRANTED.

## FACTS

Plaintiff, a Louisiana corporation, is one of several majority owned subsidiaries of Continental Medical Systems, Inc. ("CMS"), which operates freestanding for-profit rehabilitation hospitals. In order to provide guidance on medical issues and the establishment of rehabilitation programs, as well as to assure the availability of medical staffing, Plaintiff contracted with various physicians to serve as medical directors and program directors ("the Physicians"). The Physicians were treated as independent contractors for employment tax purposes. That is, Plaintiff did not pay the employer's share of the Physicians' federal employment or unemployment taxes, or withhold federal income tax from their compensation.

Following an employment tax audit for the 1990 through 1995 tax years, the IRS determined that the Physicians should have been treated as employees rather than independent contractors, and assessed employment and unemployment taxes against Plaintiff in the amount of $217,799.53. After an unsuccessful administrative appeal, Plaintiff filed amended

employment and unemployment tax returns, paid a portion of the tax due, and filed a claim for refund and request for abatement for each of the amended returns. The IRS failed to act on Plaintiff's refund and abatement claim within the six-month period set forth in I.R.C. § 6532(a). As a result, Plaintiff filed the instant suit seeking a refund of $7,010.90 paid to the IRS. Defendant filed a counterclaim seeking the total amount of the assessment.

## LAW AND ANALYSIS

### I. Plaintiff's Appeal of the Magistrate Judge's Order Granting Defendant's Second Motion for Leave to Withdraw or Amend Admission.

On August 15, 2000, Plaintiff served Defendant with its First Request for Admissions. Request No. 9 stated, "With respect to Medical Directors, plaintiff has met the substantive consistency test for relief pursuant to Section 530 of the Revenue Act of 1978." *See* Plaintiff's First Request for Admissions Addressed to Defendant United States of America, ¶ 9. On October 5, 2000, Defendant responded, "Defendant interprets the term 'substantive consistency test' to refer to Section 530(a)(3) of the Revenue Act of 1978. On this premise, defendant admits the request. To the extent that the term 'substantive consistency test' refers to something other than Section 530(a)(3) of the Revenue Act of 1978, defendant objects to this request as being unduly vague." *See* Defendant's Response to Plaintiff's First Request for Admissions, ¶ 9.

Section 530 of the Revenue Act of 1978, Pub.L. No. 95–600, 92 Stat. 2763, 2885–86 ("Section 530") "shields a taxpayer who pays others for services from employment tax liability if the taxpayer has consistently treated them as other-than-employees unless the taxpayer had no reasonable basis for doing so." *303 West 42nd St. Enter., Inc. v. I.R. S.*, 181 F.3d 272, 274 (2nd Cir.1999). In order to avail itself of Section 530, Plaintiff must meet the substantive consistency requirement; that is, Plaintiff must establish that it has never treated any individual holding a substantially similar position as an employee for employment tax purposes.[1] *Id.* at (a)(3).

On March 6, 2001, Defendant filed a Motion for Leave to Withdraw or Amend Admission. In its motion, Defendant acknowledged that all medical directors retained by Plaintiff were treated as independent contractors. However, Defendant sought to withdraw or amend its admission of Request No. 9. Defendant argued that if the substantive consistency requirement were applied at the parent level, Plaintiff could not establish this requirement because some of its sister corporations treated medical directors as employees. Defendant further stated that "[i]f the substantive consistency test may only be applied at the subsidiary level, the admission would stand." *See* Defendant's Motion for Leave to Withdraw or Amend Admission.

On April 30, 2001, the Magistrate Judge denied Defendant's motion as premature. The Magistrate Judge held that discovery would be allowed on this issue and that the motion would be reconsidered if supported by proper legal authority.

Defendant subsequently agreed with Plaintiff that the substantive consistency requirement should be applied separately for each subsidiary.

---

1. In addition to the substantive consistency requirement, Plaintiff must also meet the reporting consistency requirement and reason-able basis requirement in order to avail itself of Section 530's safe harbor provisions.

On August 30, 2001, Defendant filed a Second Motion for Leave to Withdraw or Amend Admission. Defendant again sought to withdraw its admission of Request No. 9. Defendant argued that a factual question existed as to whether Dr. Pam Hearn ("Dr.Hearn"), a staff physician employed by Plaintiff in 1993, held a substantially similar position to that of a medical director.

On September 4, 2001, the Magistrate Judge granted Defendant's motion and allowed Defendant to withdraw its admission of Request No. 9. Plaintiff's memorandum in opposition to this motion was timely filed on September 17, 2001[2], however it was not considered by the Magistrate Judge prior to granting Defendant's motion.

On October 12, 2001, Plaintiff filed an appeal of the Magistrate Judge's Order. Local Rule 74.1W provides that "a party may appeal from a magistrate judge's order by filing with the clerk of court, within 10 days of receipt of a copy of the order, a written statement of appeal specifically designating the order or part thereof appealed from, the basis for the objection, and a written memorandum in support thereof." *Id.*

The Magistrate Judge's Order was signed on September 4, 2001. Plaintiff's counsel contends that he did not learn of the Order until October 9, 2001, during a routine check of the docket. However, the record reflects that a copy of the Order was sent to counsel on September 6, 2001.

Therefore, Plaintiff's appeal of the Magistrate Judge's Order is untimely.

Nevertheless, LR74.1W also provides that "[t]he district judge may also reconsider sua sponte any matter determined by a magistrate judge under this rule." *Id.* Because the Magistrate Judge's Order was entered without the benefit of reviewing Plaintiff's memorandum in opposition, the Court will consider the merits of Plaintiff's appeal.[3]

■ A magistrate judge's non-dispositive pretrial order is reviewable under the clearly erroneous and contrary to law standard. 28 U.S.C. § 636(b)(1)(A); Fed. R.Civ.P. 72(a); *Castillo v. Frank,* 70 F.3d 382, 385–86 (5th Cir.1995).

Rule 36(b) of the Federal Rules of Civil Procedure provides that "the court may permit withdrawal or amendment when the presentation of the merits of an action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Id.* "In order to allow withdrawal of a deemed admission, Rule 36(b) requires that a trial court find that withdrawal or amendment: 1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case." *In re Carney,* 258 F.3d 415, 419 (5th Cir.2001) (citing *American Automobile Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.,* 930 F.2d 1117, 1119 (5th Cir.1991)). "Even when these two factors are established, a

---

**2.** LR7.5W of the Uniform District Court Rules requires that any memorandum in opposition to a motion be filed within 15 days after service of the motion. Defendant's motion was filed on August 30, 2001. Plaintiff's memorandum in opposition was mailed on September 12, 2001. Because of the events transpiring on and around September 11, 2001, the memorandum in opposition was not received by the Court until September 17, 2001. Nevertheless, the Court finds that the memorandum in opposition was filed timely.

**3.** Although Defendant's response to Plaintiff's appeal is not due until November 7, 2001, the Court finds that Defendant's position has been fully briefed.

district court still has discretion to deny a request for leave to withdraw or amend an admission." *Id.*

Plaintiff argues that the Magistrate Judge's Order was clearly erroneous and contrary to law because Defendant failed to prove that the withdrawal of its admission would benefit the disposition of the case, and the withdrawal of the admission would severely prejudice Plaintiff and substantially delay these proceedings.

Defendant argues that a factual question exists as to whether Dr. Hearn held a substantially similar position to that of a medical director. According to Defendant, the withdrawal of its admission would subserve the presentation of the merits in this case and Plaintiff cannot show the requisite prejudice.

## A. Presentation of the Merits

"In considering whether the presentation of the merits will be facilitated by permitting an admission to be withdrawn, the court may look at whether the admission is contrary to the record of the case. The court may allow amendment or withdrawal of an admission when an admission is no longer true because of changed circumstances or when through an honest error a party has made an improvident admission. The court must also look at whether the effect of upholding the admissions would be practically to eliminate any presentation of the merits." *Ropfogel v. United States*, 138 F.R.D. 579, 583 (D.Kan. 1991) (internal citations omitted).

 The Court finds that the withdrawal of Defendant's admission of Request No. 9 would serve the presentation of the case on its merits. Although Rule 36 allows litigants to request admissions as to the application of the law to the facts, if Defendant's admission were to stand, it would conclusively establish one of the three requirements necessary for relief

under Section 530. The Court finds that the determination of whether the substantive consistency requirement was met is best resolved by the presentation of the case on its merits.

## B. Prejudice to Plaintiff

"Courts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *American Automobile Ass'n*, 930 F.2d at 1120. "The necessity of having to convince the trier of fact of the truth of a matter erroneously admitted is not sufficient. Likewise, preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice." *F.D.I.C. v. Prusia*, 18 F.3d 637, 640 (8th Cir.1994) (internal citations omitted).

The Court finds that the withdrawal of Defendant's admission of Request No. 9 would not prejudice Plaintiff in its presentation of the case. The fact that Plaintiff will have to prove that the substantive consistency requirement was met does not constitute the type of prejudice contemplated by Rule 36. Further, there is adequate time before trial to conduct limited discovery on whether Dr. Hearn's position is substantially similar to that of a medical director. Thus, the Court's finding will not result in great delay or expense.

## C. Conclusion

For the foregoing reasons, the Court concludes that the Magistrate Judge's Order was not clearly erroneous and contrary to law. Accordingly, Plaintiff's appeal is DENIED, the Magistrate Judge's September 4, 2001, Order is AFFIRMED, and Defendant's admission of Request No. 9 is withdrawn.

## II. Plaintiff's Motion for Summary Judgment

### A. Motions for Summary Judgment

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrman*, 954 F.2d 1125, 1132 (5th Cir.1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* The moving party cannot satisfy its initial burden simply by setting forth conclusory statements that the nonmoving party has no evidence to prove its case. *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir.1993).

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir.1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### B. Relief to Taxpayers From Employment Tax Assessments Pursuant to Section 530

Plaintiff contends that regardless of whether the Physicians were employees or independent contractors under the common law test, it is entitled to the safe harbor provisions of Section 530 because all medical directors and program directors have been treated as independent contractors, all tax forms filed by Plaintiff have been consistent with its treatment of the Physicians as independent contractors, and it had a reasonable basis for treating the Physicians as independent contractors.

Defendant contends that Plaintiff may not avail itself of Section 530 because questions of fact remain regarding whether doctors holding substantially similar positions to the Physicians were treated as employees. Defendant further contends that Plaintiff did not have a reasonable basis for treating the Physicians as independent contractors.

"The determination of an individual's status as employee or independent contractor for tax purposes is based on 'the usual common law rules applicable in determining the employer-employee relationship.'" *Smith v. United States*, 568 F.2d 435, 436 (5th Cir.1978) (citing 26 U.S.C. § 3121(d)(2)). However, even if an individual was classified an employee under the common law test, Section 530 "shields a taxpayer who pays others for services from employment tax liability if the taxpayer has consistently treated them as other-than-employees unless the taxpayer had no reasonable basis for doing so." *303 West 42nd St. Enterp., Inc.*, 181 F.3d at 274. Section 530 provides in relevant part:

(a) Termination of certain employment tax liability for periods before 1980.-

(1) In general.-If-

(A) for purposes of employment taxes, the taxpayer did not treat an individual as an employee for any period ending before January 1, 1980, and

(B) in the case of periods after December 31, 1978, all Federal tax returns (including information returns) required to be filed by the taxpayer with respect to such individual for such period are filed on a basis consistent with the taxpayer's treatment of such individual as not being an employee, then, for purposes of applying such taxes for such period with respect to the taxpayer, the individual shall be deemed not to be an employee unless the taxpayer had no reasonable basis for not treating such individual as an employee.

*Id.* "Section 530 was created by Congress in 1978 to alleviate what was perceived as overly zealous pursuit and assessment of taxes and penalties against employers who had, in good faith, misclassified their employees as independent contractors. The statute is a relief provision and provides an alternative method by which to avoid employment tax liability where a taxpayer cannot establish his workers are or were independent contractors." *Boles Trucking, Inc. v. United States,* 77 F.3d 236, 239 (8th Cir.1996) (citations omitted). Although Section 530 is to be liberally construed in favor of the taxpayer, Plaintiff has the burden of establishing that it meets the requirements of Section 530 by a preponderance of the evidence. *Springfield v. United States,* 88 F.3d 750, 753 (9th Cir.1996).

Therefore, in order to qualify for relief under Section 530, Plaintiff must establish that "(1) [Plaintiff] has not treated any individual as an employee who holds a substantially similar position as those classified as independent contractors (the [substantive] consistency requirement); (2) [Plaintiff] has filed all required federal tax returns on a basis consistent with [its] treatment of [the Physicians] as … independent contractor[s] (the reporting consistency requirement); and (3) [Plaintiff] had a reasonable basis for treating [the Physicians] as … independent contractor[s] [ (the reasonable basis requirement) ]." *Halfhill v. United States,* 927 F.Supp. 171, 175 (W.D.Pa.1996).

### 1. Substantive Consistency Requirement

In order for Plaintiff to avail itself of Section 530, it must establish that it "has [not] treated any individual holding a substantially similar position as an employee for purposes of the employment taxes …." *Id.* at (a)(3).

Defendant acknowledges that all medical and program directors retained by Plaintiff were treated as independent contractors. However, Defendant contends that Plaintiff's employment of Dr. Hearn as a staff physician creates a factual question as to whether Plaintiff has met the substantive consistency requirement since 1993 because her position was substantially similar to that of a medical director.[4] According to Defendant, medical directors are responsible for administrative and consultative oversight of the rehabilitation programs and for ensuring that the programs are of high quality. Their responsibilities include 1) developing programs for patient care; 2) ensuring that the therapists, staff doctors, and nurses are meeting

---

**4.** As noted above, in its Amended Opposition to Plaintiff's Motion for Summary Judgment, Defendant agreed with Plaintiff that the substantive consistency requirement should be applied separately for each subsidiary.

their job standards; 3) sitting on various committees; 4) ensuring that the hospital maintains its accreditations; 5) presenting educational programs to the staff; 6) marketing the hospital's services to the community; 7) developing hospital rules and by-laws; 8) resolving disputes; and 9) selecting new or replacement equipment. Medical directors generally spend between 35 to 40 hours per week on these duties and earn approximately $100,000 to $125,000 per year.

Defendant further contends that Dr. Hearn was required to spend 40 hours per week[5] on administrative duties which included serving on committees, assisting with patient care policies, protocols, and quality assurance programs, and consulting with administrative and medical staff on program development and the quality of care.

Plaintiff contends that the substantive consistency requirement is met. According to Plaintiff, Defendant conceded that this requirement was met when it admitted on October 5, 2000, that "[w]ith respect to Medical Directors, plaintiff has met the substantive consistency test for relief pursuant to Section 530 of the Revenue Act of 1978," and "[w]ith respect to Program Directors, plaintiff has met the substantive consistency test for relief pursuant to Section 530 of the Revenue Act of 1978." *See* Plaintiff's First Request for Admissions Addressed to Defendant United States of America and Defendant's Response to Plaintiff's First Request for Admissions, ¶¶ 9 and 13.

Alternatively, Plaintiff contends that Dr. Hearn's position was not substantially similar to that of a medical director. According to Plaintiff, Dr. Hearn was retained as a full-time attending physician. She was required to devote at least 130 hours per month to clinical care and at least 40 hours per month to administrative duties. Further, Dr. Hearn's schedule was determined by the hospital and she was not to be employed elsewhere or maintain a private practice.

Plaintiff argues that, in contrast, medical directors devote less time to the hospital, their role is primarily consultative, they have their own private practices, and the hospital does not dictate the means or manner of their work.

For the reasons stated earlier, the Magistrate Judge's Order granting Defendant's Second Motion for Leave to Withdraw or Amend Admission is affirmed, and Defendant's admission of Request No. 9 is withdrawn. Thus, the Court must determine whether the substantive consistency requirement is met in light of this Ruling.

The Court finds that there is no genuine issue of material fact that Dr. Hearn's position was not substantially similar to that of a medical director. Although Dr. Hearn was required to devote time to administrative duties, some of which overlapped with the duties of medical directors, she spent an average of ten hours per week on these duties as compared to the 35 to 40 hours per week spent by the medical directors. Further, the nature of the hospital's control over Dr. Hearn's schedule and duties was very different from that exercised over the medical directors.

For these reasons, together with Defendant's acknowledgment that all medical and program directors retained by Plaintiff were treated as independent contrac-

---

**5.** Defendant incorrectly states in its Memorandum in Opposition to Plaintiff's Motion for Summary Judgment that Dr. Hearn was required to spend 40 hours per week on administrative duties. Dr. Hearn's employment contract provides that she was required to spend only 40 hours per month on these duties.

tors, the Court concludes that the substantive consistency requirement is met.

### 2. Reporting Consistency Requirement

In order for Plaintiff to avail itself of Section 530, it must establish that it has filed all required federal tax returns on a basis consistent with its treatment of the Physicians as independent contractors. Defendant admits that Plaintiff has met this requirement. *See* Plaintiff's First Request for Admissions Addressed to Defendant United States of America and Defendant's Response to Plaintiff's First Request for Admissions, ¶¶ 7 and 11. Federal Rule of Civil Procedure 36(b) provides that any matter admitted is conclusively established. Therefore, no further analysis is warranted.

### 3. Reasonable Basis Requirement

■ In order for Plaintiff to avail itself of Section 530, it must also establish that it had a reasonable basis for treating the Physicians as independent contractors. This reasonable basis requirement has been broadly interpreted in favor of taxpayers. *Lambert's Nursery & Landscaping v. United States*, 894 F.2d 154, 157 (5th Cir.1990).

■ Section 530 provides three non-exclusive statutory methods by which the taxpayer may establish a reasonable basis. Section 530 provides in relevant part:

(a) Termination of certain employment tax liability for periods before 1980.-

. . .

(2) Statutory Standards Providing One Method of Satisfying the Requirements of Paragraph (1).—For purposes of paragraph (1), a taxpayer shall in any case be treated as having a reasonable basis for not treating an individual as an employee for a period if the taxpayer's treatment of such individual for such period was in reasonable reliance on any of the following:

(A) judicial precedent, published rulings, technical advice with respect to the taxpayer, or a letter ruling to the taxpayer;

(B) a past Internal Revenue Service audit of the taxpayer in which there was no assessment attributable to the treatment (for employment tax purposes) of the individuals holding positions substantially similar to the position held by this individual; or

(C) long-standing recognized practice of a significant segment of the industry in which such individual was engaged.

*Id.* at (a)(2). The taxpayer need only show that it has met *one* reasonable basis for treating the individual as an independent contractor in order to qualify for relief under Section 530. *Hosp. Res. Pers., Inc. v. United States*, 68 F.3d 421, 425 (11th Cir.1995).

Plaintiff asserts several reasonable bases for treating the Physicians as independent contractors, including: 1) its reasonable reliance on the for-profit rehabilitation industry's treatment of medical and program directors as independent contractors; 2) its reasonable reliance on the advice of lawyers and accountants; 3) its reasonable treatment of the Physicians as independent contractors under the traditional common law rules for classifying workers; 4) its strict compliance with the prohibition on the corporate practice of medicine; and 5) its continual efforts to properly classify the Physicians.

Defendant asserts that Plaintiff cannot establish that it had a reasonable basis for treating the Physicians as independent contractors because: 1) Plaintiff cannot rely on generalized statements and its own

practices in order to establish reliance on the for-profit rehabilitation industry's general practice; 2) Plaintiff's asserted reliance on industry practice was not reasonable; 3) Plaintiff cannot establish that it reasonably relied on the advice of lawyers and accountants; 4) the common law rules for classifying workers do not provide a reasonable basis for treating the Physicians as independent contractors; 5) the corporate practice of medicine doctrine does not provide a reasonable basis for treating the Physicians as independent contractors; and 6) Plaintiff cannot evade liability by arguing that some of the Physicians were employed by their own professional corporations.

■ Plaintiff can satisfy the reasonable basis requirement by establishing that it reasonably relied on the advice of an attorney in making the decision to treat the Physicians as independent contractors. *See Queensgate Dental Family Practice, Inc. v. United States*, Civ. A. Nos. 1:CV–90–0918, 1:CV–90–1290 and 1:CV–90–1291, 1991 WL 260452 (M.D.Pa. Sept.5, 1991); *Deja Vu Entm't Enterp. of Minn., Inc. v. United States*, 1 F.Supp.2d 964 (D.Minn. 1998).

Plaintiff contends that it relied on the advice of counsel in determining how to treat the Physicians. According to Plaintiff, all of the contracts in question were reviewed and approved by legal personnel affiliated with CMS, including CMS's legal counsel, Deborah Myers Welsh ("Welsh"). Also, Plaintiff contends that CMS's management relied on the advice of both outside and in-house counsel in determining its subsidiaries' treatment of medical and program directors. According to Anthony F. Misitano ("Misitano"), a CMS executive who signed contracts with physicians on behalf of Plaintiff, the CMS legal department would consult with local counsel in order to ensure that the contracts were consistent with state law. Thus, every contract presented to him for signature was reviewed by both outside and in-house counsel and he relied completely on their views and recommendations.

Plaintiff also contends that Welsh frequently consulted with outside counsel in drafting and approving contracts between CMS's subsidiaries and their physicians. Specifically, Plaintiff asserts that Welsh often consulted with Harvey Werblowsky ("Werblowsky"), an attorney with the law firm of McDermott, Will and Emery, which served as CMS's outside counsel. Welsh testified that she and Werblowsky discussed various IRS rulings, reviewed the "20 factors" common law test, and concluded that the medical and program directors clearly fell into the independent contractor category. Finally, Plaintiff contends that Welsh relied on local counsel for advice on the treatment of medical and program directors, and these attorneys were often asked to prepare or review contracts in order to ensure their compliance with state law.

Defendant contends that Plaintiff is not entitled to summary judgment because Plaintiff has not offered sufficient evidence regarding the information provided to these attorneys, the research undertaken by these attorneys, or the specific advice rendered by these attorneys.

In *Queensgate*, the president of Keystone Health Services telephoned the counsel of the Pennsylvania Dental Board to ascertain whether licensed dentists should be treated as employees or independent contractors. *Id.* at *1. Keystone was advised by the attorney that it should treat the dentists as independent contractors. *Id.* at *2. The court found that based on this good faith inquiry, Keystone had a reasonable basis to believe that the dentists should have been treated as independent contractors. *Id.* The court went on to state, "the inquiry is simply whether a

taxpayer's beliefs and decisions regarding his treatment of individuals as either employees or independent contractors were reasonable and made in good faith." *Id.*

■ The Court finds that there is no genuine issue of material fact that Plaintiff and CMS reasonably, and in good faith, relied on the advice of in-house and outside counsel in making the decision to treat the Physicians as independent contractors.

## C. Conclusion

The Court concludes that no genuine issues of fact exist and Plaintiff is entitled to relief under Section 530. First, all medical and program directors retained by Plaintiff were treated as independent contractors. Second, Plaintiff filed all required federal tax returns on a basis consistent with its treatment of the Physicians as independent contractors. Finally, Plaintiff and CMS reasonably, and in good faith, relied on the advice of in-house and outside counsel in making the decision to treat the Physicians as independent contractors. Accordingly, Plaintiff's Motion for Summary Judgment [Doc. No. 34] is GRANTED and Plaintiff is entitled to judgment against Defendant in the amount of $7,010.90.

## CONCLUSION

For the foregoing reasons, Plaintiff's appeal of the Magistrate Judge's Order granting Defendant's Second Motion for Leave to Withdraw or Amend Admission [Doc. No. 55] is DENIED and the Magistrate Judge's Order [Doc. No. 53] is AFFIRMED. Further, Plaintiff's Motion for Summary Judgment [Doc. No. 34] is GRANTED and Plaintiff is entitled to judgment against Defendant in the amount of $7,010.90.